■ INCORPORATED VILLAGE OF HEMPSTEAD COMMUNITY DEVELOPMENT AGENCY, Respondent, v EVAN KARABELAS, Appellant.—In an action, *inter alia,* for a judgment declaring the legal rights and liabilities of the parties with regard to certain real property located in Hempstead, the defendant appeals from a order and judgment (one paper) of the Supreme Court, Nassau County (Levitt, J.), entered October 4, 1990, which (1) denied his motion for an extension of time to serve an answer, (2) granted the plaintiff's cross motion for leave to enter a default judgment against the defendant, and (3) declared, *inter alia,* that the subject property had fully reverted to the plaintiff.

Ordered that the order and judgment is reversed, with costs, the defendant's motion for an extension of time to serve an answer is granted, his proposed answer is deemed served, and the plaintiff's cross motion for leave to enter a default judgment is denied.

The plaintiff, the Incorporated Village of Hempstead Community Development Agency (hereinafter the Agency), commenced this action in 1989 for a judgment declaring that the ownership of real property located at 202 Jackson Street in Hempstead, reverted from the defendant, Evan Karabelas, to the Agency, because Karabelas had failed to develop the property according to the schedule contained in the rider to the contract of sale.

The Agency initially agreed to extend Karabelas' time to serve an answer until two weeks after Karabelas' deposition, which took place on July 18, 1989. Karabelas failed to serve an answer during the two-week period, but instead, by notice of motion dated July 28, 1989, 10 days after the deposition, Karabelas moved for summary judgment against the Agency. The Agency acknowledged that Karabelas had failed to file an

answer, but responded to the motion for summary judgment, stating, "rather than waste time with a default [judgment] proceeding, [the Agency] is willing to waive the entry of judgment upon default and prefers to proceed instantly on the merits". In addition, the Agency requested summary judgment against Karabelas.

Despite the parties' attempts to address the merits of the case, by order dated April 20, 1990, the court denied Karabelas' motion and the Agency's request for summary judgment on the ground that issue had not been joined. The court additionally held that Karabelas lacked standing to make any motion other than one for leave to open his "default" from not answering. The Agency's request for summary judgment was denied without prejudice to a motion by the Agency for leave to enter a default judgment. In response to this order, Karabelas moved pursuant to CPLR 2004 and 3012 for an extension of time to appear and serve his answer to the complaint, and the Agency cross-moved for leave to enter a default judgment against Karabelas.

In an order and judgment entered October 4, 1990, the court, *inter alia,* denied Karabelas' motion, and granted the Agency's cross motion for leave to enter a default judgment against Karabelas. In an accompanying memorandum decision dated August 3, 1990, the court stated that Karabelas' motion for an extension of time was treated as a motion to be relieved of his default in answering pursuant to CPLR 5015 (a) (1).

We find that the court improperly treated Karabelas' motion as one to relieve him of his default in answering pursuant to CPLR 5015, and that the motion should have been treated as one for an extension of time to serve his answer, and grant the motion to extend Karabelas' time to answer *(see,* CPLR 2004, 3012 [d]). A motion by Karabelas to relieve his "default" was unnecessary since he was not in default at the time he moved for an extension *(see,* CPLR 5015). Karabelas clearly did not intend to abandon the action. He moved for summary judgment within the amount of time allowed to serve his answer, and he moved for an extension of time shortly after the denial of his motion for summary judgment *(see, DiMartino v New York State Dept. of Taxation & Fin.,* 150 AD2d 633). In addition, the Agency initially waived entry of judgment upon default and expressed its preference to proceed on the merits of the case.

Karabelas' excuse for not filing an answer was that his attorney moved for summary judgment, instead of answering. While this excuse for the delay could be viewed as unpersua-

sive, we find that a denial of the defendant's motion for an extension of time to serve is inappropriate under the circumstances. Upon granting Karabelas' motion to extend his time to serve, we deem his proposed answer to have been served.

We find no merit to the remaining contentions. Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.