■ MARTIN IRON & CONSTRUCTION Co., Respondent, v GRACE INDUSTRIES, INC., et al., Appellants, et al., Defendants. (Action No. 1.) ATLAS-GEM ERECTORS CO., INC., Respondent, v GRACE INDUSTRIES, INC., et al., Appellants, et al., Defendants. (Action No. 2.) [729 NYS2d 146] —In related actions, *inter alia,* to foreclose mechanics' liens, the defendants in both actions, Grace Industries, Inc., Seaboard Surety Company, and St. Paul Fire & Marine Insurance of St. Paul, Minnesota, appeal (1) from an order of the Supreme Court, Kings County (Rappaport, J.), dated April 7, 2000, which, *inter alia,* denied their motion (a) pursuant to CPLR 3211 (a) (1), (3), and (7), or, in the alternative, for summary judgment pursuant to CPLR 3211 (c), dismissing the claims of the plaintiff in Action No. 1, Martin Iron & Construction Co., and the claims of the plaintiff in Action No. 2, Atlas-Gem Erectors Co., Inc., insofar as asserted against them, and (b) for a judgment pursuant to CPLR 3215 (a) against the plaintiff in Action No. 2, Atlas-Gem Erectors Co., Inc., and (2), as limited by their brief, from stated portions of an order of the same court, dated August 7, 2000, which, *inter alia,* (a) upon granting reargument, adhered to its original determination sustaining the claims of Martin Iron & Construction Co., in Action No. 1, and the first cause of action asserted by Atlas-Gem Erectors Co., Inc., in Action No. 2, insofar as asserted against them and (b) denied those branches of their motion which were for leave to amend their answers to assert the additional affirmative defenses of illegality and a defense founded upon documentary evidence.

Ordered that the appeal from the order dated April 7, 2000, is dismissed, as that order was superseded by the order dated August 7, 2000, made upon reargument; and it is further,

Ordered that the order dated August 7, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents Martin Iron & Construction Co. and Atlas Gem Erectors Co., Inc., are awarded one bill of costs.

The defendant Grace Industries, Inc. (hereinafter Grace), and the defendant New York State Department of Transporta-

tion (hereinafter NYSDOT) entered into a contract for the rehabilitation of the elevated Gowanus Expressway in Brooklyn. Pursuant thereto, Grace agreed that it would not subcontract any of the work to be performed without the written consent of NYSDOT.

With the express approval of NYSDOT, Grace subcontracted with Martin Iron & Construction Co. (hereinafter Martin), the plaintiff in Action No. 1, to perform structural steel work. Additionally, NYSDOT approved a subcontract between Grace and Atlas-Gem Erectors Co., Inc. (hereinafter Atlas), the plaintiff in Action No. 2, as Grace's subcontractor to provide protective safety netting and shielding. Both Martin and Atlas agreed not to subcontract any work without Grace's written consent. Notwithstanding the contractual provisions prohibiting subcontracts without Grace's consent, Martin and Atlas nevertheless allegedly entered into a separate subcontract pursuant to which Atlas was to perform the bulk of the structural steel work Grace had hired Martin to perform.

Atlas did indeed commence work on the project and corresponded with Grace openly. It appears that neither Martin nor Atlas attempted to conceal Atlas' participation in the structural steel work that was required under the relevant contracts. Subsequently a safety-related labor dispute arose, the project was delayed, the work was not completed, NYSDOT canceled its contracts, and Martin and Atlas were allegedly not paid. Martin and Atlas filed notices of mechanics' liens and commenced separate actions against Grace and its sureties; hereinafter collectively the appellants. The appellants moved, *inter alia*, to dismiss and/or for summary judgment, contending, among other things, that the unauthorized subcontract between Martin and Atlas was void, and thus, as a matter of law, the appellants owe nothing to Martin and Atlas. We disagree.

Contrary to the appellants' contentions, the Supreme Court properly denied their motion for summary judgment as against Martin. The motion was made after the jury was selected and more than 120 days after filing of the note of issue in Action No. 1 (*see,* CPLR 3212 [a]), and good cause was not shown for the failure to timely move (*cf., Samuel v A.T.P. Dev. Corp.,* 276 AD2d 685; *Rossi v Arnot Ogden Med. Ctr.,* 252 AD2d 778, 779). In any event, there is ample evidence demonstrating the existence of an issue of fact as to whether Grace knew of the allegedly unauthorized subcontract between Martin and Atlas, and Atlas' involvement in the construction project, so as to constitute a waiver of Grace's objection thereto (*see, Weaver v Acampora,* 227 AD2d 727; *Matter of Niagara Frontier Transp.*

*Auth.,* 209 AD2d 1009; *Safway Steel Prods. v Craft Architectural Metals Corp.,* 183 AD2d 452; *Expocorp v Hyatt Mgt. Corp.,* 134 AD2d 234). Although the appellants claim that Grace knew only of Atlas' involvement in the project pursuant to its authorized safety netting subcontract, this too is a controverted matter that must be resolved by the trier of fact.

To the extent that the appellants sought summary judgment as against Atlas, their motion was timely. Due to the appellants' earlier, successful motion to disqualify the law firm that originally jointly representing both Martin and Atlas, Atlas was without representation for some time, and no note of issue was filed by Atlas contemporaneous with that filed by Martin. Nevertheless, the same factual issues regarding Grace's knowledge of Atlas' participation in the project preclude summary judgment dismissing Atlas' claim to foreclose its mechanic's lien.

The Supreme Court also correctly denied the appellants' motion insofar as it sought a default judgment as against Atlas for its failure to prosecute during the period following the disqualification of its attorneys. There is no evidence that Atlas intended to abandon its claims against the appellants, and in the absence of any demonstrable prejudice to the appellants, the Supreme Court providently exercised its discretion (*see, Matter of Buel v Buel,* 263 AD2d 561; *Sweetland v Malone,* 223 AD2d 539; *Incorporated Vil. of Hempstead Community Dev. Agency v Karabelas,* 185 AD2d 296).

The appellants' remaining contentions are without merit. Ritter, J. P., S. Miller, Friedmann and Crane, JJ., concur.