In the Matter of the Guardianship of JANET L. GILLRAY L., Appellant; MENTAL HYGIENE LEGAL SERVICES, as Guardian ad Litem, et al., Respondents. [731 NYS2d 299] —Carpinello, J. Appeal from an order of the Supreme Court (Keegan, J.), entered September 26, 2000 in Albany County, which, *inter alia*, denied petitioner's motion to vacate prior orders of the court and dismissed the petition.

A pertinent, more detailed historical background of the instant controversy can be gleaned from a prior decision of this Court (200 AD2d 801, *lv dismissed and denied* 83 NY2d 941). Briefly, petitioner entered into a May 1990 open court settlement stipulation, later incorporated into a July 1990 order, fully resolving a proceeding that he had commenced in which he sought to become the guardian of his adult, mentally retarded daughter. The settlement contemplated the implementation of medical and dental treatment plans for his daughter's benefit and included the retention of a consulting physician and dentist to work in concert with his daughter's treating physician and dentist. When the settlement was placed on the record by petitioner's former attorney, it was specifically noted that the settlement involved third parties, i.e., a consulting physician and dentist, and that each side would nevertheless "act reasonably to implement the program within a reasonable time."

In April 1992, Supreme Court denied petitioner's application to find his daughter in noncompliance with the settlement and ordered that its terms were still in effect. Further discord between the parties over the settlement resulted in an October 1997 consent order designating two new consultants. This order also stated that if either of these consultants ceased participating in the matter, the parties would "endeavor to locate another mutually acceptable consultant physician or dentist." When the agreed-upon consulting physician "resigned"

from the case in January 2000, petitioner moved to vacate the now 11-year-old settlement on the ground of "mutual mistake." Supreme Court denied the motion, prompting this appeal.

Petitioner contends that the settlement is a product of "mutual mistake" because, in hindsight, the parties could not realistically effectuate its terms requiring as it does the cooperation of third parties over whom they lacked control, namely, a consulting physician and dentist. In sum, petitioner claims that "[t]he parties were unfortunately mistaken from the beginning about the possibility of making such a stipulation work," a stipulation petitioner now claims that he improvidently entered into. To be sure, to vacate a stipulation of settlement on this particular ground, it must be demonstrated by clear and convincing proof that such mutual mistake existed when the agreement was made and is so substantial that the agreement fails to represent a true meeting of the parties' minds (*see, Matter of Gould v Board of Educ.*, 81 NY2d 446, 453; *Vermilyea v Vermilyea*, 224 AD2d 759, 760). The standard is appropriately onerous because stipulations of settlement, particularly those entered into in open court, are "favored by the courts and not lightly cast aside" (*Hallock v State of New York*, 64 NY2d 224, 230; *see, French v Quinn*, 243 AD2d 792, 793, *lv denied* 91 NY2d 1002).

Here, petitioner has decidedly failed to establish that any mistake, let alone a mutual one, existed when the settlement was entered into between the parties. The mere fact that it has been difficult to retain a consulting physician to assist in implementing the settlement does not support a claim of mutual mistake, particularly where, as here, this very issue was contemplated at the time of the original settlement and reaffirmed in 1997. Said simply, the events that have transpired since the settlement, including the difficulty in retaining a consulting physician, do not prove that it was entered into as a result of a mutual mistake.

To the extent that petitioner sought to vacate the settlement on the ground that his daughter was not complying with it, we need only note that he failed to support such a contention with anything other than surmise and conjecture. Finally, we are unable to agree with petitioner's contention that Supreme Court modified the settlement by ordering that a health plan developed in 1998 remain in effect pending retention of a new consulting physician.

Mercure, Spain and Rose, JJ., concur; Cardona, P. J., not taking part. Ordered that the order is affirmed, with costs.