■ DOMINICK MINUCCI, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [756 NYS2d 432] —In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Schneier, J.), dated May 24, 2001, which granted the oral applications of the defendants City of New York and Trevus Construction Corporation for summary judgment dismissing the complaint insofar as asserted against them, and (2), as limited by his brief, from so much of an order of the same court, dated November 1, 2001, as, upon granting his motion for leave to reargue, adhered to its original determination.

Ordered that the appeal from the order dated May 24, 2001, is dismissed, as that order did not decide a motion made on notice, and was superseded by the order dated November 1, 2001, made upon reargument; and it is further,

Ordered that the order dated November 1, 2001, is reversed insofar as appealed from, on the law, upon reargument, the order dated May 24, 2001, is vacated, the defendants' oral applications are denied, and the complaint is reinstated insofar as asserted against the defendants City of New York and Trevus Construction Corporation; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

It is unnecessary to grant leave to appeal from the order dated May 24, 2001, as that order was superseded by the order dated November 1, 2001, made upon reargument.

The Supreme Court should not have entertained the defendants' oral applications for summary judgment, made after jury selection. The defendants failed to demonstrate good cause for their delay in seeking summary judgment, their applications were not made by motion on notice to the plaintiff, and were not supported by evidentiary proof establishing their entitlement to judgment as a matter of law (see Hilton v City of New Rochelle, 298 AD2d 360 [2002]). Altman, J.P., S. Miller, Friedmann and McGinity, JJ., concur.