■ ANGELA MAHON, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants. [756 NYS2d 875] —In an action, inter alia, to recover damages for medical malpractice, the defendant New York City Health and Hospitals Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), entered September 30, 2002, as granted that branch of the plaintiff's motion which was to vacate a stipulation of settlement, and the defendant Brooklyn Hospital Center separately appeals, as limited by its brief, from so much of the same order as granted that branch of the plaintiff's motion which was to vacate a stipulation of settlement and denied its cross motion, among other things, for an extension of time to move for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In order to vacate the stipulation of settlement on the ground of mutual mistake, the plaintiff was required to demonstrate that the mistake existed at the time the stipulation was entered into and that it was so substantial that the stipulation failed to represent a true meeting of the parties' minds *(see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.,* 81 NY2d 446, 453; *Matter of Janet L.,* 287 AD2d 865 [2001]; *see also Hallock v State of New York,* 64 NY2d 224, 230 [1984]). The plaintiff met this burden, as she established that none of the parties considered the impact of a potential Medicaid lien in negotiating the settlement and that therefore there was no true meeting of the parties' minds with respect to the amount of damages. Moreover, under these circumstances, enforcement of the stipulation would be unjust *(see Weitz v Murphy,* 241 AD2d 547 [1997]; *Goldstein v Goldsmith,* 243 App Div 268, 272 [1935]). Accordingly, the Supreme Court properly vacated the stipulation of settlement.

Under the circumstances of this case, the Supreme Court properly denied the cross motion by the defendant Brooklyn Hospital Center for an extension of time to move for summary judgment (*see Martin Iron & Constr. Co. v Grace Indus.,* 285 AD2d 494 [2001]; CPLR 3212 [a]).

The defendants' remaining contentions are without merit. S. Miller, J.P., Goldstein, Adams and Rivera, JJ., concur.