■ FEDERATED CONSERVATIONISTS OF WESTCHESTER COUNTY, INC., Appellant, v COUNTY OF WESTCHESTER et al., Defendants, and TOWN OF MOUNT PLEASANT, Respondent. [758 NYS2d 402] —In an action, inter alia, for a judgment declaring that a certain parcel of land is owned by the defendant County of Westchester and subject to a covenant restricting the parcel's use to park and recreation purposes, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Cowhey, J.), dated December 14, 2001, which, after a nonjury trial, inter alia, declared that the subject parcel is owned by the defendant State of New York and is

under the jurisdiction of the New York State Department of Transportation and not subject to such restriction.

Ordered that the order and judgment is affirmed, with costs.

The central issue in this case concerns the ownership of a parcel of property, approximately 1.5 acres in size, located between the Taconic State Parkway and the Metro-North railroad tracks, upon which the defendant Town of Mount Pleasant constructed an extension to its existing parking lot at the Valhalla railroad station. The plaintiff conservationist group brought this declaratory judgment action, claiming that the extended parking lot was located within an area of 98 acres which had been purchased by the defendant County of Westchester in 1964 and dedicated by the County for park and recreation purposes. The Town claimed, among other things, that the defendant State of New York acquired the subject parcel in 1914 in connection with the construction of the Bronx River Parkway, and that the parcel was under the jurisdiction of the New York State Department of Transportation (hereinafter the DOT). The Town further claimed, inter alia, that it constructed the extension of the parking lot in good faith reliance upon lawfully issued permits from the DOT and the State Department of Environmental Conservation (hereinafter the DEC). After a nonjury trial, the Supreme Court determined, inter alia, that the subject parcel was owned by the State and under the jurisdiction of the DOT, and not subject to a park and recreation use restriction. The Supreme Court also concluded, inter alia, that the Town lawfully constructed the extended parking lot and obtained the proper use permits.

It is well settled that a decision rendered by a court after a nonjury trial should not be disturbed on appeal unless it is clear that its conclusions could not have been reached under any fair interpretation of the evidence (see *Ebenezer Mar Thoma Church v Alexander,* 279 AD2d 548, 549 [2001]; *Islamic Ctr. of Harrison v Islamic Science Found.,* 262 AD2d 362, 363 [1999]).

Upon examination of the record, we find that the evidence at trial established that the Bronx Parkway Commission (hereinafter the BPC), an agency created by the State Legislature, acquired the subject parcel and additional lands in or around 1914 from the City of New York in connection with the construction of the Bronx River Parkway. The BPC and its successor State entities consistently held title to the subject parcel after the BPC acquired it from the City. Further, the evidence at trial established that the Town obtained the proper use permits from the DOT and the DEC to construct the extended

parking lot. Accordingly, the trial evidence supports the Supreme Court's determination that the Town lawfully constructed the extended parking lot on State-owned land, and that such parcel was not subject to any park and recreation use restriction.

The Town's contention that the plaintiff lacked standing to commence the instant action is not properly before this Court (*see Hecht v City of New York,* 60 NY2d 57 [1983]; *5-Star Mgt. v Daan Props.,* 256 AD2d 439 [1998]; *Ozturk v Taskiran,* 245 AD2d 355 [1997]). Altman, J.P., Krausman, Goldstein and Cozier, JJ., concur.