■ John Salata, Appellant, v Debra Salata, Respondent. [762 NYS2d 916] —In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated June 14, 2002, as, in effect, upon granting renewal, adhered to its determination in an order dated February 26, 2002, sua sponte vacating a stipulation discontinuing the action.

Ordered that the order is affirmed insofar as appealed from, with costs

A voluntary discontinuance may be accomplished by a written stipulation signed by the attorneys of record for all parties "provided * * * that no person not a party has an interest in the subject matter of the action" (*see* CPLR 3217 [a]; *Tucker v Tucker,* 55 NY2d 378, 383-384 [1982]). The stipulation entered into by the parties in this case had the effect of divesting the Supreme Court of jurisdiction, since the action was being discontinued, but at the same time conditioned the discontinuance upon further proceedings before the Supreme Court with respect to, inter alia, child support. Since neither of the parties contemplated the implications of the discontinuance on the further proceedings, there was no true meeting of the minds (*see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.,* 81 NY2d 446, 453; *Mahon v New York City Health & Hosps. Corp.,* 303 AD2d 725; *cf. Symphony Space v Pergola Props.,* 88 NY2d 466, 484 [1996]).

The Supreme Court properly ordered the husband to pay outstanding support arrears, with appropriate credits, pursuant to the pendente lite support order (*see Zaremba v Zaremba,* 237 AD2d 351, 352 [1997]).

The husband's remaining contentions are without merit. Santucci, J.P., Schmidt, Cozier and Rivera, JJ., concur.