■ In the Matter of the Estate of ELLEN PITERNIAK, Deceased. ELLEN JANE PITERNIAK CINQUE, Respondent; ROBERT PITERNIAK et al., Appellants. [792 NYS2d 868]—In a proceeding to probate the last will and testament of Ellen Piterniak, the objectants appeal from (1) a decree of the Surrogate's Court, Suffolk County (Czygier, S.), dated November 21, 2003, made after a nonjury trial, and (2) from so much of an amended decree of the same court dated December 3, 2003, as dismissed their objections to the petition of Ellen Jane Piterniak Cinque for letters testamentary and issued letters testamentary to her.

Ordered that the appeal from the decree is dismissed, as the decree was superseded by the amended decree; and it is further,

Ordered that the amended decree is affirmed insofar as appealed from; and it is further,

Ordered that the petitioner is awarded one bill of costs payable by the objectants personally.

"[A] decision rendered by a court after a nonjury trial should not be disturbed on appeal unless it is clear that its conclusions could not have been reached under any fair interpretation of the evidence" (*Federated Conservationists of Westchester County v County of Westchester,* 304 AD2d 787, 788 [2003]; *see Ebenezer Mar Thoma Church v Alexander,* 279 AD2d 548, 549 [2001]).

Great deference must be afforded to credibility assessments made by the trier of fact, as it had the unique opportunity to view the witnesses, hear their testimony, and observe their demeanor (*see John Eric Jacoby, M.D., P.C. v Loper Assoc.,* 249 AD2d 277, 279 [1998]).

Contrary to the objectants' contentions, a review of the record supports the determination of the Surrogate's Court that the objectants failed to demonstrate that the petitioner lacked the requisite qualifications of a fiduciary by reason of dishonesty or improvidence, or that she was otherwise unfit to serve as executrix of the will in question (*see* SCPA 707 [1] [e]). H. Miller, J.P., Ritter, Mastro and Lifson, JJ., concur.