■ 257 Park Avenue Associates, Appellant, v Music Sales Corporation, Respondent. [806 NYS2d 535]—

Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered February 24, 2005, after a nonjury trial, which

held that the parties' renewal lease included electrical usage as part of the monthly and annual base rent, declared that plaintiff was not entitled to reformation of the subject renewal lease to provide that electrical usage is a separate charge payable in addition to base rent, and dismissed the complaint, reversed, on the law, with costs, the judgment vacated, the complaint reinstated, the lease adjudged to provide that electrical usage is a separate charge payable in addition to the monthly and annual base rent, and plaintiff declared to be entitled to reformation of the lease accordingly.

As in *Nash v Kornblum* (12 NY2d 42 [1962]), this matter involves a mistake on the part of plaintiff in reducing to writing the parties' renewal lease agreement, "which plaintiff did not discover before submission to the defendant, and the latter, with knowledge of the mistake, trying to take advantage of the error" (12 NY2d at 47). Indeed, defendant concedes that its real estate broker, who was involved with the first lease and preliminary negotiation of the renewal lease, repeatedly made it aware, early on, of the mistake as to the electrical usage charge. Specifically, the record shows that when the broker told Castaldo, defendant's executive in charge of real estate matters, that the draft renewal lease contained a mistake insofar as it indicated that electrical charges would be included in the lease rent, Castaldo directed the broker to "leave it alone." A few days later, the broker spoke to Castaldo again and reiterated his belief that there was a mistake. Castaldo replied, "so be it," and again told the broker to leave it alone. Castaldo reported both conversations to defendant's president. Consequently, defendant removed the broker from the negotiations. Under these circumstances, the scrivener's error is subject to correction via the equitable remedy of reformation. Concur—Sullivan, J.P., Williams, Gonzalez and McGuire, JJ.

Ellerin, J., dissents in a memorandum as follows: I would affirm the judgment appealed. "[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms. Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" (*W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162 [1990]). Here, the trial evidence established that the renewal lease was not entered into until May 14, 2002. The term of the lease is unambiguously set forth in the lease extension executed on that date and cannot properly be varied by resort to extrinsic evidence of the parties' antecedent negotiations (*see Chimart Assoc. v Paul,* 66 NY2d 570, 572-573 [1986]).

Nor is the equitable remedy of reformation available to relieve

plaintiff from the renewal terms that it drafted and to which it now objects. "[T]o overcome the heavy presumption that a deliberately prepared and executed written instrument manifested the true intention of the parties, evidence of a very high order is required" (*George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219 [1978]). Plaintiff's bare claim of unilateral mistake is unsupported by any showing, much less the requisite clear and convincing showing, that the mistake was attributable to fraud or any other conduct on defendant's part (*see Barclay Arms v Barclay Arms Assoc.*, 74 NY2d 644 [1989]; *George Backer Mgt. Corp.*, 46 NY2d at 219-220; *Nash v Kornblum*, 12 NY2d 42, 47 [1962]).