DEBORAH FUGAZY, Appellant, v WILLIAM DENIS FUGAZY, JR., Respondent. [844 NYS2d 341]—

In a matrimonial action in which the parties were divorced by judgment dated March 4, 2005, the plaintiff appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Westchester County (Donovan, J.), entered May 31, 2006, which, after a hearing, inter alia, granted those branches of the defendant's cross motion which were (1) for a monetary credit for one half of an obligation to be determined after the resolution of an arbitrable dispute between the defendant and his former employer, (2) for monetary credits in the amount of $2,993.40 for medical insurance premiums he allegedly paid for medical coverage for the plaintiff from January through June 2005, for payments made for clean-up expenses, including for tree damage to the marital residence, for brokers' fees, and in the amount of $18,651.56 representing certain credit card charges, and (3) to direct the plaintiff to return certain personal property to the defendant.

Ordered that the order is modified, on the law and as an exercise of discretion, by (1) deleting the provision thereof awarding the defendant a credit in the amount of $18,651.56 representing certain credit card charges and substituting therefor a provision awarding a credit in the amount of $10,244.77, and (2) deleting the provision thereof granting that branch of the cross motion which was for a monetary credit for

one half of an obligation to be determined after the resolution of an arbitrable dispute between the defendant and his former employer and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the plaintiff.

Contrary to the plaintiff's contention, under the circumstances of this case, the court did not err in entertaining the defendant's cross motion, which was set forth in his affidavit in opposition to the plaintiff's order to show cause and did not include a formal notice of cross motion. Since the plaintiff was aware of the cross motion, submitted opposition to it, and was not unduly prejudiced by the lack of service of a notice of cross motion, the court providently exercised its discretion in entertaining the defendant's cross motion (*see Wechsler v People,* 13 AD3d 941, 942 [2004]; *Fox Wander W. Neighborhood Assn. v Luther Forest Community Assn.,* 178 AD2d 871, 872 [1991]).

Additionally, the defendant's claims for certain credits were not barred by the doctrine of collateral estoppel. While there is evidence in the record that these issues have previously been raised by the defendant, there is no indication in the record that such issues have ever been considered and decided. Accordingly, the defendant's claims for credits are not barred by the doctrine of collateral estoppel (*see Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 455-456 [1985]).

The court erroneously awarded the defendant a credit in the amount of $18,651.56 for charges the plaintiff made on the defendant's credit card. Upon review of the relevant Fleet Bank credit card statements in the record, the total amount of purchases made was $10,651.56. The plaintiff made certain claims that the defendant was not entitled to a credit for that entire amount since certain charges related to expenses for which he was obligated to pay pursuant to a pendente lite order or related to purchases which predated the effective date of the pendente lite order. Many of the plaintiff's claims are not supported by documentary evidence and rest solely upon her testimony. Thus, to the extent that she claims that certain pharmacy charges and service station charges relate to expenses which the defendant is obligated to pay, we decline to reduce the defendant's credit for such charges. Similarly, we decline to reduce the defendant's credit for charges incurred after September 12, 2003, which the plaintiff asserts related to a payment plan for a computer purchased before that date. However, with respect to a monthly charge for a New York Times subscription, the plaintiff testified that such subscription belonged to the defendant, and the defendant conceded that the New York

Times was "[f]or both of us." Thus, we reduce the credit by the amount of $76.80, representing one half of the total amount of the charges attributable to the New York Times subscriptions on the credit card statements.

In addition, a number of charges totaling $659.97 on the October 2003 credit card statement were made before September 12, 2003, the effective date of the pendente lite order which obligated the defendant to pay, among other things, maintenance and certain household expenses. The defendant is not entitled to a full credit for that amount, and it should be treated as a joint marital obligation. Thus, we find that each party should have an equally-shared obligation for that amount, and that the amount the defendant's credit should be further reduced is by $329.99, one half of $659.97.

Accordingly, we modify the amount of credit awarded to the defendant for credit card bills from $18,651.56 to $10,244.77 ($10,651.56 [total amount of credit card purchases pursuant to statements submitted by the defendant], minus $329.99 [the defendant's 50% share of credit card purchases made prior to the pendente lite order], minus $76.80 [the defendant's 50% share of the New York Times subscription cost, not including the cost of the subscription in the Oct. bill], totaling $10,244.77).

Many of the plaintiff's remaining contentions, such as her claim that the court improperly directed her to return to the defendant certain personal property she took with her when she moved out of the marital residence, and that the court improperly awarded the defendant a credit for health insurance premiums he allegedly paid for the benefit of the plaintiff, are primarily complaints regarding the court's determination of issues which rested largely upon its assessment of the credibility of the parties. The hearing court was in the best position to gauge the credibility of the parties, and its resolution of credibility issues is entitled to great deference on appeal (*see Lieberman v Lieberman,* 21 AD3d 1004, 1005 [2005]). Under the circumstances, we decline to disturb the court's determinations with respect to these issues.

However, we agree with the plaintiff that the Supreme Court improperly granted the defendant's claim for a credit for one half of an obligation to be determined after resolution of an arbitrable dispute between the defendant and his former employer (hereinafter the claim). The parties' stipulation of settlement was to *"be deemed a stipulation of settlement and will constitute a full and final settlement of their rights and obligations emanating from the marital relationship"* (emphasis supplied). Since the defendant's claim for a credit against the plaintiff undisput-

edly emanates from the marital relationship, and the defendant failed to show that it was unanticipated and was not intended to be included as part of the stipulation of settlement, there was no basis for this award in his favor (*see Gro-Wit Capital, Ltd. v Obigor, LLC,* 33 AD3d 859 [2006]; *cf. Salata v Salata,* 307 AD2d 961 [2003]; *Mahon v New York City Health & Hosps. Corp.,* 303 AD2d 725 [2003]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Spolzino, Florio and Angiolillo, JJ., concur.