KAMIL WILLIAMS et al., Appellants, v MARGARET NAYLOR et al., Respondents. [886 NYS2d 30]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Hart, J.), entered March 3, 2008, which, upon granting the oral application of the defendant Emeka Okeke, in effect, for summary judgment dismissing the complaint insofar as asserted against him, is in favor of the defendant Emeka Okeke and against them dismissing the complaint insofar as asserted against him.

Ordered that the judgment is reversed, on the law, with costs, the oral application of the defendant Emeka Okeke, in effect, for summary judgment dismissing the complaint insofar as asserted against him is denied, the complaint is reinstated against the defendant Emeka Okeke, and the matter is remitted to the Supreme Court, Queens County, before a different Justice for all further proceedings in this action.

The plaintiffs raise legal arguments which appear on the face of the record and could not have been avoided had they been brought to the attention of the Supreme Court. Accordingly, the grounds for reversal urged by the plaintiffs may be considered by this Court even though they have been raised for the first time on appeal (*see Matter of 200 Cent. Ave., LLC v Board of Assessors*, 56 AD3d 679, 680 [2008]; *Buywise Holding, LLC v Harris*, 31 AD3d 681, 682 [2006]; *Matter of State Farm Mut. Auto.*

*Ins. Co. v Olsen,* 22 AD3d 673, 674 [2005]; *Beepat v James,* 303 AD2d 345, 346 [2003]; *Weiner v MKVII-Westchester,* 292 AD2d 597, 598 [2002]; *Block v Magee,* 146 AD2d 730, 732 [1989]; 11 Carmody-Wait 2d § 72:133, at 347-348).

The Supreme Court improperly granted the oral application of the defendant Emeka Okeke, which was, in effect, for summary judgment dismissing the complaint insofar as asserted against him. The oral application was not supported by any motion papers, no formal motion was made on notice to the plaintiff, and the application was made after jury selection had been completed and more than 120 days after the note of issue had been filed, without any showing of good cause (*see* CPLR 3212 [a]; *Brill v City of New York,* 2 NY3d 648 [2004]; *Giannattasio v Han Suk Kang,* 30 AD3d 375 [2006]; *Long v Children's Vil., Inc.,* 24 AD3d 518 [2005]; *Minucci v City of New York,* 303 AD3d 473 [2003]; *Hilton v City of New Rochelle,* 298 AD2d 360 [2002]; *Diaz v New York City Health & Hosps. Corp.,* 289 AD2d 365, 366 [2001]; *Martin Iron & Constr. Co. v Grace Indus.,* 285 AD2d 494, 495 [2001]).

In light of our discretion to "take judicial notice of a record" in "the pending matter" (*Chateau Rive Corp. v Enclave Dev. Assoc.,* 22 AD3d 445, 446 [2005]), we take judicial notice of the proceedings held on November 1, 2007 in this action. Under the circumstances of this case, upon remittitur to the Supreme Court, Queens County, all further proceedings in this action shall be conducted before another Justice (*see Ling Fei Sun v City of New York,* 55 AD3d 795, 796 [2008]; *Doe v Department of Educ. of City of N.Y.,* 54 AD3d 352, 354 [2008]).

In light of our determination, the parties' remaining contentions need not be addressed. Dillon, J.P., Miller, Leventhal and Chambers, JJ., concur.

———

Motion by the respondent on an appeal from a judgment of the Supreme Court, Queens County, entered March 3, 2008, to strike stated portions of the appellants' appendix and brief on the ground that the appendix contains matter dehors the record, and that the brief refers to matter dehors the record. By decision and order on motion of this Court dated February 18, 2009 [2009 NY Slip Op 63730(U)], the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Dillon, J.P., Miller, Leventhal and Chambers, JJ., concur.