■ NIVES MONTERO, Respondent, v CARLOS MONTERO, Appellant. [926 NYS2d 573]—

In a matrimonial action in which the parties were divorced by judgment entered August 17, 2005, as amended October 27, 2005, the defendant appeals from (1) an order and money judgment (one paper) of the Supreme Court, Nassau County (Falanga, J.), dated October 29, 2009, which, upon a decision of the same court dated August 12, 2009, made after a hearing, inter alia, granted the plaintiff's motion to reform the parties' stipulation of settlement, thereupon directed that the plaintiff was entitled to 50% of the value of the defendant's individual retirement account referred to as the "Bear Stearns IRA," as of October 18, 2001, and is in favor of the plaintiff and against him in the principal sum of $540,958.70, and (2) an order of the same court dated December 15, 2009, which granted the plaintiff's postjudgment motion for an award of an attorney's fee in the sum of $34,707.60.

Ordered that the order and money judgment, and the order, are affirmed, with one bill of costs.

On March 24, 2005, several months before entry of a judgment of divorce, the parties orally placed a stipulation of settlement concerning equitable distribution, among other things, on the record. The attorney who recited its terms, however, omit-

ted the correct institutional name of a particular individual retirement account held by the defendant former husband at Bear Stearns (hereinafter the account). In 2009 the plaintiff former wife sought reformation of the stipulation. The Supreme Court conducted a lengthy hearing, after which it held that the plaintiff established, by clear and convincing evidence, that the parties had intended to divide the account between them equally, and that the attorney who recited the terms of the stipulation had inadvertently misstated the name of the account. This inadvertent misstatement had resulted in the defendant's retention of ownership of 100% of the account, and the Supreme Court granted the plaintiff's motion to reform the stipulation. Given the Supreme Court's opportunity to observe the witnesses and listen to their testimony, we give great deference to that court's credibility determinations (*see Matter of Piterniak*, 16 AD3d 513, 514 [2005]). Nothing in our review of the record convinces us that the Supreme Court's determinations, which rested in substantial part on its assessment of the credibility of the witnesses, were erroneous. Thus, the Supreme Court properly reformed the stipulation of settlement to conform it to the parties' intentions (*see Kaliontzakis v Papadakos*, 69 AD3d 803, 804 [2010]; *Lieberman v Greens at Half Hollow, LLC*, 54 AD3d 908, 908-909 [2008]; *M.S.B. Dev. Co., Inc. v Lopes*, 38 AD3d 723, 725 [2007]; *257 Park Ave. Assoc. v Music Sales Corp.*, 24 AD3d 371, 372 [2005]; *Ebasco Constructors v Aetna Ins. Co.*, 260 AD2d 287, 290 [1999]; *cf. Nash v Kornblum*, 12 NY2d 42, 47 [1962]; *Lambert v Lambert*, 142 AD2d 557, 558 [1988]).

The Supreme Court providently exercised its discretion in awarding the plaintiff an attorney's fee in the sum of $34,707.60 (*see* Domestic Relations Law § 238; *Le v Le*, 82 AD3d 846 [2011]; *Schiffer v Schiffer*, 55 AD3d 714, 715 [2008]).

The parties' remaining contentions need not be reached in light of our determination, are without merit, or do not require reversal. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.