■ PAUL DICKSON, Appellant, v FIONA DICKSON, Respondent. [7 NYS3d 527]—

Appeal from an order of the Supreme Court, Westchester County (John P. Colangelo, J.), dated April 25, 2013. The order, insofar as appealed from, granted those branches of the defendant's motion which were to distribute her share of the Time Warner Deferred Compensation Plan pursuant to article 2, paragraph 14 (c) of the parties' settlement agreement and for an attorney's fee related to that motion, and denied that branch of the plaintiff's cross motion which was to reform article 2, paragraph 14 (c) of the parties' settlement agreement so as to provide for the parties to each receive a 50% distribution of the net proceeds of the Time Warner Deferred Compensation Plan after payment of income taxes.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were to distribute her share of the Time Warner Deferred Compensation Plan pursuant to article 2, paragraph

14 (c) of the parties' settlement agreement and for an attorney's fee related to that motion are denied, and that branch of the plaintiff's cross motion which was to reform article 2, paragraph 14 (c) of the settlement agreement so as to provide for the parties to each receive a 50% distribution of the net proceeds of the Time Warner Deferred Compensation Plan after payment of the income taxes is granted.

The parties married in 1990, had four children, and were divorced by judgment of divorce dated October 26, 2007. Prior to the divorce, the parties entered into a settlement agreement, which was incorporated, but not merged, into the judgment of divorce. Article 2, paragraph 14 of the settlement agreement provided, inter alia, that the defendant was entitled to 50% of the balance contained in the Time Warner Deferred Compensation Plan and that the transfer of the defendant's interest in the plan would be effectuated pursuant to a Qualified Domestic Relations Order (hereinafter QDRO) or a Domestic Relations Order (hereinafter DRO). The defendant later moved for an order directing that the plaintiff distribute to her 50% of the gross amount in that account, despite the fact that it was not eligible to be distributed through a QDRO or DRO. The plaintiff opposed the motion, and cross-moved to reform that provision of the settlement agreement based upon mutual mistake; he argued that the parties were mistaken in believing that this account was a qualified retirement plan which could make a distribution pass through a QDRO and, therefore, 50% of the net value of the account should be distributed to the defendant, after payment of taxes, rather than 50% of the pre-tax, gross amount. The Supreme Court granted the motion and denied the cross motion. The plaintiff appeals.

"A stipulation of settlement that has been incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation" (*Salinger v Salinger*, 125 AD3d 747, 748 [2015] [internal quotation marks omitted]; *see Murphy v Murphy*, 120 AD3d 1319, 1320 [2014]). " 'A court may not write into a contract conditions the parties did not insert or, under the guise of construction, add or excise terms, and it may not construe the language in such a way as would distort the apparent meaning' " (*Tamburello v Tamburello*, 113 AD3d 752, 753 [2014], quoting *Ayers v Ayers*, 92 AD3d 623, 624 [2012]; *see O'Brien v O'Brien*, 115 AD3d 720, 723 [2014]).

Here, the provision in question states: "The Husband . . . maintains solely the following qualified marital retirement-related accounts and plans . . . The Wife shall be, and is,

entitled to fifty (50%) percent of the balance contained in the said account as of the aforesaid dates, together with fifty (50%) percent of any gains and/or losses thereon to on or about the date of the transfer of the Wife's interest to her. The transfer to the Wife of her said interest shall be effected pursuant to a Qualified Domestic Relations Order . . . or Domestic Relations Order."

Since the parties agree that the subject account is not a qualified marital retirement-related account in which distribution could be made through a QDRO or DRO, the obligations cannot be performed in the manner envisioned by this provision. Moreover, separating the description of the subject account as a "qualified marital retirement-related account or plan" and the provision requiring transfer by QDRO or DRO from the remainder of the provision's obligations would distort the paragraph's apparent meaning (see *Ayers v Ayers*, 92 AD3d 623, 625 [2012]). Thus, since it was impossible to distribute the account by the means specified and the parties did not consider how to treat this asset were it determined to be unqualified, the mistake was of a nature that there was no meeting of the minds as to this provision (see *Banker v Banker*, 56 AD3d 1105, 1106 [2008]; *Salata v Salata*, 307 AD2d 961 [2003]; *Mahon v New York City Health & Hosps. Corp.*, 303 AD2d 725 [2003]; *Brender v Brender*, 199 AD2d 665 [1993]). Accordingly, the Supreme Court erred in granting the defendant's motion to transfer 50% of the account's pre-tax, gross funds and denying the plaintiff's cross motion to reform the agreement (see *Montero v Montero*, 85 AD3d 986 [2011]).

The defendant argues that the plaintiff can only seek reformation in a separate plenary proceeding (see *Makara v Makara*, 65 AD3d 1018 [2009]; *Candela v Kiel*, 33 AD3d 833 [2006]). Under the circumstances here, where the defendant moved for an order finding the plaintiff in contempt based upon his noncompliance with the same provision he sought to reform on the basis of mutual mistake, it was appropriate for the plaintiff to cross-move for reformation rather than commence a plenary proceeding (see *Montero v Montero*, 85 AD3d 986 [2011]; *Book v Book*, 58 AD3d 781 [2009]; *Banker v Banker*, 56 AD3d at 1106; *Brender v Brender*, 199 AD2d at 665).

Finally, under these circumstances, the defendant was not entitled to an award of an attorney's fee in the Supreme Court, as she did not prevail on all issues (see *Matter of Singer v Windfield*, 125 AD3d 666, 668-669 [2015]; *Matter of Bederman v Bederman*, 82 AD3d 759 [2011]; *D'Amico v D'Amico*, 251 AD2d 616 [1998]). Dillon, J.P., Dickerson, Hall and LaSalle, JJ., concur.