Weston, J.
(dissenting and voting to affirm the order in the following memorandum). After multiple, unsuccessful attempts to resuscitate her argument that the subject apartment was rent stabilized, and after entering into a binding stipulation of settlement with the benefit of counsel, tenant sought to vacate the stipulation, claiming that landlord’s prepayment of the mortgage did not subject tenant’s apartment to the Housing Assistance Program (HAP) contract rent. In my opinion, tenant’s claim is not one of fraud or mistake, but rather a new argument in a series of failed attempts to obtain a reduced rent. Since tenant had ample opportunity to raise this argument prior to entering into the stipulation, I decline to give her another “bite at the apple,” and vote to affirm the order denying tenant’s motion to vacate the stipulation.
Since 1997, tenant had been ineligible to receive Section 8 benefits. Nevertheless, over the next 10 years, tenant erroneously enjoyed the benefit of below-market rents in an HUD-subsidized apartment until landlord commenced this nonpayment proceeding. Although tenant claimed that the apartment was rent stabilized, her claim was rejected by the Department of Housing and Community Renewal and, subsequently, by the Supreme Court in a CPLR article 78 proceeding. As a result, tenant, with the benefit of counsel, entered into a so-ordered stipulation settling this nonpayment proceeding. Pursuant to the stipulation, tenant waived all defenses and agreed, in part, to a gradual increase in use and occupancy to the amount stated in the HAP contract, in exchange for a reduction in the amount of arrears owed. After several unsuccessful motions to vacate the stipulation, tenant retained new counsel and asserted, for the first time, that landlord’s prepayment of a section 236 mortgage did not permit it to charge tenant the HAP contract rent. On this basis, tenant seeks to vacate the stipulation of settlement. Tenant’s motion was properly denied.
*35 It is well settled that stipulations of settlement “are favored by the courts and not lightly cast aside” (Hallock v State of New York, 64 NY2d 224, 230 [1984]). Strict enforcement of such settlements not only promotes swift resolution of cases, but is also “essential to the management of court calendars and integrity of the litigation process” (id.). “Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation” (id.).
Here, no good cause exists for invalidating the stipulation. Prior to entering into the stipulation, tenant argued that her apartment was subject to the rent stabilization laws. When that argument failed, tenant, with the assistance of counsel, entered into a binding stipulation that forgave the bulk of her arrears. It was only after tenant retained new counsel that she raised her current argument that prepayment of the mortgage does not permit an increase to the HAP contract rent. Nothing in tenant’s argument raises an allegation of mutual mistake sufficient to invalidate the stipulation. “To be sure, to vacate a stipulation of settlement on this particular ground, it must be demonstrated by clear and convincing proof that such mutual mistake existed when the agreement was made and is so substantial that the agreement fails to represent a true meeting of the parties’ minds” (Matter of Janet L., 287 AD2d 865, 866 [2001], citing Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., 81 NY2d 446, 453 [1993]).
No such proof exists here. Instead, tenant, citing to a “grave injustice,” seeks to avoid the consequences of her agreement by creating an issue that never existed until she retained new counsel. I refuse to reverse the order based on tenant’s feigned indignation, especially where tenant, who is not eligible for Section 8 benefits, received a windfall for nearly a decade by paying the reduced rent and, later, by negotiating a favorable agreement that forgave most of her arrears. The purpose of Section 8 is to provide adequate housing for qualified individuals who cannot afford it. To permit tenant, an unqualified individual, to remain at the reduced rent not only grants tenant a further windfall, but effectively deprives a qualified individual of the opportunity to obtain adequate, affordable housing under Section 8.
Accordingly, I vote to affirm the order.
Pesce, P.J., and Solomon, J., concur; Weston, J., dissents in a separate memorandum.