Rhoda v Rhoda (2019 NY Slip Op 06810)





Rhoda v Rhoda


2019 NY Slip Op 06810


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-05093
 (Index No. 5708/12)

[*1]Patricia Rhoda, appellant,
v
James W. Rhoda, Jr., respondent.


Law Offices of Carolyn A. D'Agostino, PLLC, Clifton Park, NY, for appellant.
James W. Rhoda, Jr., Pleasant Valley, NY, respondent pro se.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment dated April 28, 2014, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Christine A. Sproat, J.), dated April 17, 2017. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for an award of 50% of the marital portion of the defendant's Verizon 401(k) plan account.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings consistent herewith.
The parties were divorced by a judgment dated April 28, 2014, which incorporated but did not merge a stipulation of settlement (hereinafter the stipulation) entered into in open court on March 14, 2014. The judgment provides that "each party will have a Qualified Domestic Relations Order [hereinafter QDRO] prepared on the respective retirement accounts, each party shall pay any costs associated with having the [QDRO] prepared." The stipulation provides that: "In regards to the retirement accounts, there are several retirement accounts. Each party will QDRO each retirement account. They will be responsible . . . to pay the fees in order to have the QDROs done."
A QDRO under the Internal Revenue Code is a domestic relations order "which creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan" (26 USC § 414[p][1][A][i]).
By order to show cause dated January 12, 2017, the plaintiff moved, inter alia, for an award of 50% of the amount in the defendant's Verizon 401(k) plan account as it existed on the date of commencement of the divorce action. The plaintiff alleged that the defendant had transferred or dissipated the funds in the Verizon 401(k) plan account, resulting in the rejection of the plaintiff's proposed QDRO by its administrators because it had a de minimus account balance. In opposition, the defendant argued that the parties never agreed to the equal distribution of the marital portion of his Verizon 401(k) plan account.
The Supreme Court denied the subject branch of the plaintiff's motion, concluding [*2]that the stipulation was silent with respect to how the Verizon 401(k) plan account proceeds should be distributed. The plaintiff appeals.
The stipulation is a contract subject to principles of contract interpretation (see Rainbow v Swisher, 72 NY2d 106). Thus, the "court should construe it in such a way as to give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (Matter of McCarthy v McCarthy, 129 AD3d 970, 971). The court must adopt an interpretation which gives meaning to every provision of the contract, so that no provision is left without force and effect (see Muzak Corp. v Hotel Taft Corp., 1 NY2d 42, 46; McQuade v McQuade, 67 AD3d 867, 869). This Court must therefore interpret the stipulation so as to give meaning to the provision regarding the parties' retirement accounts. The only possible meaning is that the parties intended for their retirement accounts, including the defendant's Verizon 401(k) plan account, to be subject to equitable distribution.
The stipulation, however, does not indicate the amount to be distributed to the plaintiff. The court may not write into the stipulation conditions the parties did not insert (see Dickson v Dickson, 127 AD3d 1128). Neither the Internal Revenue Code nor the Domestic Relations Law indicates that a QDRO must provide for equal distribution of a retirement account. Thus, the stipulation is ambiguous on that point (see Cohen v Cohen, 163 AD3d 762). The resolution of an ambiguous provision, for which extrinsic evidence may be used, is for the trier of fact (see id.). Therefore, we remit the matter to the Supreme Court, Dutchess County, for a hearing on the issue of the parties' intent with regard to the equitable distribution of the defendant's Verizon 401(k) plan account, and for a new determination thereafter as to the subject branch of the plaintiff's motion.
SCHEINKMAN, P.J., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court