Wilson v Wilson (2023 NY Slip Op 03816)

Wilson v Wilson

2023 NY Slip Op 03816

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-01781
 (Index No. 201479/02)

[*1]Elizabeth Wilson, appellant, 
v
Douglas Wilson, respondent.

Jonathan E. Kroll & Associates, PLLC (McCabe, Collins, McGeough, Fowler, Levine & Nogan, LLP, Carle Place, NY [Patrick M. Murphy], of counsel), for appellant.
Dianna LeMieux, Garden City, NY, for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered January 14, 2005, the plaintiff appeals from an order of the Supreme Court, Nassau County (Edmund M. Dane, J.), dated December 24, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were, in effect, to direct the defendant to pay the sum of $91,852, representing expenses incurred by the plaintiff as a result of the defendant's alleged failure to maintain a certain health plan for the benefit of the parties' child as required by a stipulation of settlement dated October 19, 2004, which was incorporated but not merged into the judgment of divorce, and for an award of attorneys' fees pursuant to the stipulation of settlement.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant, who have one child together, were divorced by judgment entered January 14, 2005. The judgment of divorce incorporated, but did not merge, a stipulation of settlement dated October 19, 2004 (hereinafter the stipulation).
In 2019, the plaintiff moved, among other things, in effect, to direct the defendant to pay the sum of $91,852, representing expenses incurred by the plaintiff as the result of the defendant's alleged failure to maintain a certain health plan for the benefit of the child as required by the stipulation, and for an award of attorneys' fees pursuant to the stipulation. The defendant opposed. In an order dated December 24, 2019, the Supreme Court, inter alia, denied those branches of the plaintiff's motion. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of her motion which was, in effect, to direct the defendant to pay the sum of $91,852, representing expenses incurred by her as the alleged result of the defendant's failure to maintain a certain health plan for the benefit of the child as required by the stipulation. The evidence in the record does not support the plaintiff's claim that from 2004 to 2018 the defendant failed to maintain the health plan for the benefit of the child. Nor does the record support the plaintiff's contention that the child was unable to use the defendant's health plan during the entirety of that time period on the ground that the defendant failed to provide the plaintiff and/or the child with information about the health plan.
Under these circumstances, the Supreme Court correctly determined that the plaintiff was not entitled to an award of attorneys' fees pursuant to the stipulation (see Dickson v Dickson, 127 AD3d 1128, 1130; D'Amico v D'Amico, 251 AD2d 616, 617).
DUFFY, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court