Carbone v ISS Facility Servs., Inc. (2025 NY Slip Op 04542)

Carbone v ISS Facility Servs., Inc.

2025 NY Slip Op 04542

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-07643
 (Index No. 712423/19)

[*1]Joseph Carbone, appellant,
v
ISS Facility Services, Inc., respondent.

Sacco & Fillas, LLP, Astoria, NY (Elliot L. Lewis of counsel), for appellant.
Marshall Dennehey Warner Coleman & Goggin, New York, NY (Diane K. Toner of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated June 30, 2023. The order granted the defendant's motion to enforce a settlement agreement.
ORDERED that the order is affirmed, with costs.
The plaintiff, an airline employee, allegedly was injured after slipping and falling on a wet floor while at work at JFK International Airport. In July 2019, the plaintiff commenced this personal injury action against the defendant. In July 2021, the parties engaged in a mediation session, following which they entered into a settlement agreement, which required the defendant to pay the plaintiff $150,000 in exchange for a release by the plaintiff of any and all claims of liability against the defendant stemming from the accident. The agreement was made "subject to satisfactory resolution of [a] workers' comp[ensation] lien by defense." In August 2021, the defendant and the insurer of the plaintiff's workers' compensation policy executed a stipulation indicating that they had settled the workers' compensation lien for the sum of $68,024.04.
Thereafter, the plaintiff refused to execute closing settlement paperwork releasing the defendant from liability. The defendant then moved to enforce the settlement agreement. In an order dated June 30, 2023, the Supreme Court granted the defendant's motion and directed the plaintiff to comply with the terms of the settlement agreement. The plaintiff appeals.
"An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him [or her] or his [or her] attorney" (CPLR 2104; see Amerally v Liberty King Produce, Inc., 170 AD3d 637, 637). "Stipulations of settlement are favored by the courts and not lightly cast aside" (Hallock v State of New York, 64 NY2d 224, 230; see Amerally v Liberty King Produce, Inc., 170 AD3d at 637; Peralta v All Weather Tire Sales & Serv., Inc., 58 AD3d 822, 822).
"The party seeking to vacate or set aside a stipulation of settlement has the burden of establishing good cause sufficient to invalidate a contract, such as that the stipulation was the result of duress, fraud, or overreaching, or that the terms of the stipulation were unconscionable, in [*2]order to be relieved from the consequences of the stipulation" (Amerally v Liberty King Produce, Inc., 170 AD3d at 638 [internal quotation marks omitted]; see Reisenberger Props., LLLP v Pi Assoc., LLC, 225 AD3d 803, 805; Mahon v New York City Health & Hosps. Corp., 303 AD2d 725, 725). "Further, as settlement agreements must abide by the principles of contract law, for an enforceable agreement to exist, all material terms must be set forth and there must be a manifestation of mutual assent" (Herz v Transamerica Life Ins. Co., 172 AD3d 1336, 1337-1338 [internal quotation marks omitted]).
Here, the settlement agreement complied with the requirements of CPLR 2104, as it was in writing and subscribed to by the attorneys for both parties (see Amerally v Liberty King Produce, Inc., 170 AD3d at 638). Contrary to the plaintiff's contentions, the settlement agreement set forth all the material terms of the agreement, including the resolution of the workers' compensation lien by the defendant, and evidenced a manifestation of the parties' mutual assent. Moreover, the plaintiff failed to demonstrate that the settlement was unconscionable, the product of a mutual mistake, or premised on some other ground sufficient to invalidate a contract (see Reisenberger Props., LLLP v Pi Assoc., LLC, 225 AD3d at 805-806; Amerally v Liberty King Produce, Inc., 170 AD3d at 638; cf. Mahon v New York City Health & Hosps. Corp., 303 AD2d at 725).
Accordingly, the Supreme Court properly granted the defendant's motion to enforce the settlement agreement.
MILLER, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court