■ Expocorp et al., Appellants, v Hyatt Management Corporation of New York, Inc., et al., Respondents.—In an action, *inter alia,* to recover damages for breach of contract, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Balletta, J.), entered June 18, 1986, which, upon the defendants' motion, dismissed the complaint pursuant to CPLR 3211 (a) (1).

Ordered that the order and judgment is reversed, with costs, and the motion is denied.

The parties entered into a lease which set forth a particular manner in which the labor that was to be used on the premises during the term of the lease was to be hired. The plaintiffs contend that the defendant Hyatt Management Corporation of New York, Inc. (hereinafter Hyatt Management), through its agents, made subsequent representations which led them to believe that the clause would not be strictly enforced and that the plaintiffs would be allowed to hire labor through their own agents. Hyatt Management refused to let the plaintiffs enter the premises when the plaintiffs attempted to set up an exposition with labor provided through their own agents.

To warrant dismissal, a defense grounded on documentary evidence must be a complete one, leaving no genuine triable issues of fact *(see, Suburban Broadcasting Corp. v RCA Corp.,* 51 AD2d 785). Here, since the parol evidence rule does not bar the introduction of extrinsic evidence to show a subsequent waiver or modification of a written contract *(see, e.g., Allied Chem. Corp. v Alpha Portland Indus.,* 58 NY2d 975; *see also,* 9 Wigmore, Evidence § 2441 [Chadbourn rev 1981]), triable issues of fact exist as to whether the alleged representations made subsequent to the execution of the lease constituted a waiver of strict enforcement of the written contract. Accordingly, the motion was improperly granted. Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.