■ GEORGE BOIADJIAN et al., Petitioners, RONIT TAXI CORP. et al., Intervenors-Petitioners, GRECIAN TRANS. INC. et al., Appellants-Respondents, and MICHAEL FAKTOROVICH et al., Respondents, v NEW YORK CITY TAXI AND LIMOUSINE COMMISSION, Respondent-Appellant. [663 NYS2d 176] —Amended order and judgment (one paper), Supreme Court, New York County (Robert Lippmann, J.), entered on or about January 16, 1996, which, in a proceeding pursuant to CPLR article 78 to annul respondent New York City Taxi and Limousine Commission's determination imposing fines of $10,000 per taxicab medallion and directing divestiture of all medallions, denied the application as to some petitioners and granted it as to others, unanimously modified, on the law and the facts, to deny the application as to all petitioners and dismiss their petition, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about June 4, 1996, which, upon reargument, granted the application as to George Drizis, unanimously modified, on the law and the facts, to deny the application and dismiss the petition as to him as well, and otherwise affirmed, without costs.

Respondent found that petitioners had leased their medallions to third parties who had illegally removed the vehicle identification number (VIN) plates from the taxicabs, in some cases illegally reattaching the VIN plates to unauthorized taxicabs, including stolen taxicabs, and ordered petitioners to divest themselves of their medallions regardless of whether they had had knowledge of these activities. The IAS Court, while properly construing respondent's enabling statute (Administrative Code of City of NY § 19-506 [a]), authorizing it to promulgate rules imposing strict liability, nevertheless annulled the determination as to those petitioners found not to have knowledge of the illegal activities. That was error.

Section 1-50 (b) of the Taxicab Owners Rules clearly provides that although owners may lease their medallions, "[r]egardless of the terms of the lease, the owner is responsible for complying with *all* laws, rules and regulations governing owners" (35 RCNY 1-50 [b]; emphasis added). The accompanying "Statement of Basis and Purpose" included when this rule was adopted in final form refers to the growing problem of owners disclaiming responsibility for violations because they have leased their cabs (City Record, Dec. 8, 1989, at 3347). Similarly, section 1-58 (a) provides that "[t]he designation of an agent

shall not relieve the owner of any obligations under these rules," and the "Statement of Basis and Purpose" for this rule speaks of making owners more "accountable" to the public and the Commission (City Record, Dec. 8, 1989, at 3348). These rules clearly intend to hold owners liable for compliance with all rules and regulations; their accompanying Statements of Basis and Purpose only underscore this intent. Accordingly, petitioners were properly found liable for the various violations with which they were charged, regardless of knowledge of the illegal activity.

We note, too, that while the IAS Court based its determination on a finding that the violations did not involve actual "operating conditions" (under the mistaken belief that only such violations carried strict liability, in reliance upon an inapplicable "Statement of Basis and Purpose" mistakenly cited by the parties), we consider the nature of the violations here to impact on such conditions. The scheme to utilize stolen VIN plates during taxicab inspections allowed a few "clean" cars to stand in for dozens of cars not in compliance with the applicable regulations. Moreover, since the fraud herein directly impacted upon public safety, respondent's penalties of revocation and divestiture do not shock our sense of fairness. For the same reasons, respondent's determination, including the penalty, against George Drizis should be reinstated.

Motion denied insofar as leave to appeal to the Court of Appeals is sought and granted insofar as reargument is sought. This Court's unpublished decision and order entered February 27, 1997 (Appeal Nos. 59663-59664) is recalled and vacated and a new decision and order, entered simultaneously herewith, substituted therefor. Concur—Murphy, P. J., Milonas, Rosenberger, Ellerin and Williams, JJ.