■ Dow KIM, Respondent-Appellant, v VITALY DUKHON, Appellant-Respondent. [932 NYS2d 48]—

In this CPLR article 75 proceeding, Dow Kim seeks to stay the arbitration commenced by Vitaly Dukhon on the ground that Kim never agreed to be personally obligated to arbitrate. The underlying dispute involves Dukhon's claim that he is owed compensation in connection with his work as a portfolio manager for a hedge fund that failed to launch.

In 2007, Kim, a partner in Diamond Lake Investment Group,

L.P. (LP) and member of Diamond Lake GP, LLC (LLC, together with LP, Diamond Lake), created a hedge fund (the fund). In connection with the anticipated launch of the fund, Dukhon was hired as a portfolio manager with a minimum compensation for 2007 of $2.5 million, and the parties entered into a number of agreements. In addition, Dukhon alleges that Kim personally guaranteed his salary.

Kim executed Diamond Lake GP LLC's Limited Liability Company Agreement (the LLC agreement) as a "Managing Member." The LLC agreement, which contains a Delaware choice of law provision (§ 9.05), provides: "With respect to any controversy or dispute arising out of this Agreement, interpretation of any of the provisions hereof, or the actions or omissions of any Member in connection with the business of the Company, each of the parties consents to submit any such controversy or dispute to be finally resolved by arbitration in accordance with the CPR Institute for Dispute Resolution Rules for Non-Administered Arbitration" (§ 9.06).

Kim is personally a "party" to, and bound by, the LLC Agreement and arbitration clause contained therein. As stated in its preamble, the agreement is "among the undersigned (collectively, the 'Members,' which term shall include any persons admitted to Diamond Lake GP LLC . . . )" and Delaware law, which controls (§ 9.05), provides that "a member . . . of a limited liability company . . . is bound by the limited liability company agreement whether or not the member . . . executes the . . . agreement" (Del Code Ann, tit 6, § 18-101 [7]).

On reargument, the Court properly determined that the issue of the arbitrability of the claims asserted is for the arbitration panel, given the "clear and unmistakable" intent contained in the arbitration provision (see McLaughlin v McCann, 942 A2d 616, 625-626 [Del Ch 2008]; Matter of Smith Barney Shearson v Sacharow, 91 NY2d 39, 45-46 [1997]).

The Court providently exercised its discretion in denying sanctions (see Arnav Indus., Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner, 281 AD2d 192 [2001]). Concur—Mazzarelli, J.P., Saxe, Acosta, DeGrasse and Manzanet-Daniels, JJ.