■ DIEGO DE LA ROSA et al., Appellants-Respondents, v ALL TAXI MANAGEMENT, INC., Respondent-Appellant. [967 NYS2d 715]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered August 28, 2012, which granted defendant's motion to dismiss as to the second, third, fourth and fifth causes of action, and denied the motion as to the first cause of action, unanimously modified, on the law, to grant the motion as to the first cause of action, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.

Plaintiffs are taxi drivers who leased medallions from defendant. They allege that defendant overcharged them on their weekly leases, which were subject to an $800 cap (*see* Rules of City of NY Taxi and Limousine Commn [TLC] [35 RCNY] § 58-21 [c] [4] [ii]). They allege that defendants imposed, and collected weekly, certain additional charges that are not permitted (*see* 35 RCNY 58-21 [c] [5]), over and above the $800 medallion lease fee that defendants were already collecting from them.

Plaintiffs' fourth and fifth causes of action allege that the overcharges violated the lease cap rule (35 RCNY 58-21 [c] [4]) and a 5% credit card withholding surcharge rule (35 RCNY 58-21 [f] [3]). Upon review of the TLC's legislative scheme and detailed self-enforcement provisions, we conclude that plaintiffs have no private right of action and therefore cannot assert these causes of action (*see Sheehy v Big Flats Community Day*, 73 NY2d 629, 633-634 [1989]).

Plaintiffs' first and second causes of action allege breach of contract; however, it appears that plaintiffs couched their claims of TLC violations in terms of breach of contract to circumvent the absence of a private right of action. In any event, it is clear from the allegations in the complaint and the respective leases that plaintiffs' breach of contract (first and second) causes of action are founded not upon defendants' failure to comply with the terms of the leases as written but upon the unenforceability

of the leases insofar as they openly violated the TLC's lease cap rule (*see* 35 RCNY 58-21 [a] [1] ["Regardless of the terms of the lease, the Owner is responsible for complying with all laws, rules and regulations governing Owners"]; *see Boiadjian v New York City Taxi & Limousine Commn.*, 243 AD2d 355 [1st Dept 1997], *lv denied* 91 NY2d 814 [1998]; *Mystic Cab Corp. v New York City Taxi & Limousine Commn.*, 243 AD2d 353 [1st Dept 1997], *lv denied* 91 NY2d 814 [1998]). With respect to the additional charges collected improperly, there was no breach because those charges were outside the lease terms.

The existence of plaintiffs' leases, a requirement under TLC rules (*see* 35 RCNY 58-21 [h]), precludes their unjust enrichment (third) cause of action (*see Pappas v Tzolis*, 20 NY3d 228, 234 [2012]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Acosta, Saxe and Freedman, JJ.