■ KHALED PERVAIZ, Individually and on Behalf of Others Similarly Situated, Appellant-Respondent, v QUEENS MEDALLION LEASING, INC., Respondent-Appellant. [967 NYS2d 714]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered August 17, 2012, which granted defendant's motion to dismiss as to the second, third, fourth and fifth causes of action and denied the motion as to the first cause of action, unanimously modified, on the law, to grant the motion as to the first cause of action, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.

Plaintiff is a taxi driver who leased a medallion from defendant. He alleges that defendant overcharged him on his weekly lease, which was subject to an $800 cap (*see* Rules of City of NY Taxi and Limousine Commn [TLC] [35 RCNY] § 58-21 [c] [4] [ii]). He alleges that defendant imposed, and collected weekly, certain additional charges that are not permitted (*see* 35 RCNY 58-21 [c] [5]), over and above the $800 medallion lease fee that defendant was already collecting from him.

Plaintiff's fourth and fifth causes of action allege that the overcharges violated the lease cap rule (35 RCNY 58-21 [c] [4]) and a 5% credit card withholding surcharge rule (35 RCNY 58-21 [f] [3]). Upon review of the TLC's legislative scheme and detailed self-enforcement provisions, we conclude that plaintiff

has no private right of action and therefore cannot assert these causes of action (see *Sheehy v Big Flats Community Day*, 73 NY2d 629, 633-634 [1989]).

Plaintiff's first and second causes of action allege breach of contract; however, it appears that plaintiff couched his claims of TLC violations in terms of breach of contract to circumvent the absence of a private right of action. In any event, it is clear from the allegations in the complaint and the lease that plaintiff's breach of contract (first and second) causes of action are founded not upon defendant's failure to comply with the terms of the lease as written but upon the unenforceability of the lease insofar as it openly violated the TLC's lease cap rule (see 35 RCNY 58-21 [a] [1] ["Regardless of the terms of the lease, the Owner is responsible for complying with all laws, rules and regulations governing Owners"]; see *Boiadjian v New York City Taxi & Limousine Commn.*, 243 AD2d 355 [1st Dept 1997], *lv denied* 91 NY2d 814 [1998]; *Mystic Cab Corp. v New York City Taxi & Limousine Commn.*, 243 AD2d 353 [1st Dept 1997], *lv denied* 91 NY2d 814 [1998]). With respect to the additional charges collected improperly, there was no breach because those charges were outside the lease terms.

The existence of plaintiff's lease, a requirement under TLC rules (see 35 RCNY 58-21 [h]), precludes his unjust enrichment (third) cause of action (see *Pappas v Tzolis*, 20 NY3d 228, 234 [2012]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Acosta, Saxe and Freedman, JJ.