■ JFK Family Ltd. Partnership et al., Respondents-Appellants, v Millbrae Natural Gas Development Fund 2005, L.P., et al., Appellants-Respondents. [17 NYS3d 765]—

In an action, inter alia, to recover damages for breach of contract, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), dated September 10, 2013, as denied their motion for summary judgment dismissing the first, fifth, eighth, and ninth causes of action, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted the defendants' motion to vacate a discovery order of the same court (Lefkowitz, J.), dated October 19, 2012.

Ordered that the order dated September 10, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated September 10, 2013, is reversed insofar as cross-appealed from, on the law, and the defendants' motion to vacate the discovery order dated October 19, 2012, is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiffs are investor partners in the defendant Millbrae Natural Gas Development Fund 2005, L.P. (hereafter the partnership). The partnership is a private Delaware limited partnership that invests in a diversified portfolio of developmental drilling operations and existing oil and gas wells. The managing partner of the partnership is the defendant Millbrae Natural Gas 2005, LLP (hereafter the managing partner), and the individual defendants are senior executives of the managing partner and/or of a separate managing company, Millbrae Energy, LLC, which performs various tasks for the managing partner. The plaintiffs' involvement in the partnership is governed by a collection of documents, including, insofar as relevant here, a certain Agreement of Limited Partnership of Millbrae Natural Gas Development Fund 2005, L.P., dated July 23, 2004 (hereafter the partnership agreement).

In their eighth and ninth causes of action, as amplified in the proposed amendments thereto (see *JFK Family L.P. v Millbrae Natural Gas Dev. Fund 2005, L.P.*, 132 AD3d 729 [2015] [decided herewith]), the plaintiffs allege that the defendants breached the terms of the partnership agreement, the implied duty of good faith and fair dealing, as well as the defendants' fiduciary duties, by (1) purporting to force the plaintiffs to withdraw from the partnership for an improper purpose, namely, in retaliation for the exercise of the plaintiffs' contractual rights under the partnership agreement, and (2) tendering, in final settlement of the plaintiffs' capital accounts,

various oil and gas properties worth substantially less than the value of such capital accounts.

The defendants conversely assert that they were entitled, under the express terms of the partnership agreement, to require the plaintiffs to withdraw from the partnership "for any reason," and that the defendants' tender of oil and gas properties in final settlement of the plaintiffs' capital accounts was entirely proper and made in accordance with the terms of the partnership agreement. Their first counterclaim seeks a declaration to that effect.

By order of the Supreme Court dated October 19, 2012, the plaintiffs were granted limited discovery, inter alia, relating to "valuation with respect to the 8th and 9th causes of action and [first] counterclaim." However, that order was subsequently vacated by the order dated September 10, 2013, from which the instant appeal and cross appeal are taken.

The Supreme Court erred in vacating the October 19, 2012, discovery order. CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." "The words 'material and necessary' as used in [CPLR] 3101 must be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (*Matter of Kapon v Koch*, 23 NY3d 32, 38 [2014] [citation and internal quotation marks omitted]). Here, contrary to the defendants' contention, the value of the plaintiffs' capital accounts on the effective date of their purported withdrawal from the partnership, as well as the value of the various oil and gas properties tendered by the defendants in final settlement of the plaintiffs' interests in the partnership, are "material and necessary," within the meaning of CPLR 3101 (a), to the prosecution of the eighth and ninth causes of action, and to the defense of the first counterclaim. Indeed, the defendants cannot reasonably allege that they terminated the plaintiffs' partnership interests in accordance with the terms and conditions of the partnership agreement, while resisting material and necessary disclosure that would enable such allegations to be tested. Therefore, the defendants' motion to vacate the October 19, 2012, discovery order should have been denied.

We note, however, that "[a] party is not entitled to unlimited, uncontrolled, unfettered disclosure" (*Geffner v Mercy Med. Ctr.*, 83 AD3d 998, 998 [2011]). Accordingly, disclosure should be limited to that which is necessary to enable the plaintiffs to determine the value of their capital accounts on the relevant

date, and the value of the various oil and gas properties tendered by the defendants. As the Supreme Court properly observed in its order dated April 14, 2010, which was affirmed on a prior appeal (*see JFK Family Ltd. Partnership v Millbrae Natural Gas Dev. Fund 2005, L.P.*, 83 AD3d 899 [2011]): "While the . . . . Plaintiffs are not bound to take Defendants' word for what they say [the value of the] Plaintiffs' capital accounts were as of termination, it is something entirely different to say that Plaintiffs can freely roam through the Partnership books in order to dispute partnership payments for the purpose of trying to claw back expended funds in order to inflate their capital account." Therefore, the Supreme Court, which possesses broad authority to supervise discovery (*see Geffner v Mercy Med. Ctr.*, 83 AD3d at 998), must carefully manage the scope of disclosure to avoid improper inquiries into areas not relevant to this litigation, such as the appropriateness of management decisions affecting all of the limited partners.

In support of their motion for summary judgment dismissing the first, fifth, eighth, and ninth causes of action, the defendants failed, as to each cause of action, to eliminate all triable issues of fact, and thus, failed to make a prima facie showing of their entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied the defendants' motion.

The defendants' remaining contentions are without merit. Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.

Motion by the appellants-respondents to strike stated portions of the respondents-appellants' brief on an appeal and cross appeal from an order of the Supreme Court, Westchester County, dated September 10, 2013, on the ground that they refer to matter dehors the record, and to impose a sanction upon the respondents-appellants. By decision and order on motion of this Court dated February 25, 2015, the motion was held in abeyance and referred to the panel of Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is

Ordered that the motion is denied. Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.