■ JFK Family Ltd. Partnership et al., Appellants, v Millbrae Natural Gas Development Fund 2005, L.P., et al., Respondents. [17 NYS3d 875]—In an action, inter alia, to recover damages for breach of contract, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Westchester County (Smith, J.), dated June 1, 2012, as (a) granted those branches of the defendants' motion which were for summary judgment dismissing the sixth and seventh causes of action, (b) denied that branch of the plaintiffs' cross motion which was for leave to amend the third amended complaint by adding further allega-

tions to the eighth and ninth causes of action, (c) denied that branch of the plaintiffs' cross motion which was for summary judgment dismissing the defendants' second counterclaim, and (d), in effect, searched the record and awarded summary judgment to the defendants on their first counterclaim, and (2) so much of an order of the same court dated September 26, 2012, as, in effect, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated June 1, 2012, is dismissed, without costs or disbursements, as that order was superseded by the order dated September 26, 2012, made, in effect, upon reargument; and it is further,

Ordered that the order dated September 26, 2012, is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof, in effect, upon reargument, adhering to the determination in the order dated June 1, 2012, denying that branch of the plaintiffs' cross motion which was for leave to amend the third amended complaint by adding further allegations to the eighth and ninth causes of action, and substituting therefor a provision, upon reargument, vacating the determination in the order dated June 1, 2012, denying that branch of the plaintiffs' cross motion, and thereupon granting that branch of the plaintiffs' cross motion, and (2) by deleting the provision thereof, in effect, upon reargument, adhering to the determination in the order dated June 1, 2012, in effect, searching the record and awarding summary judgment to the defendants on their first counterclaim, and substituting therefor a provision, upon reargument, vacating the determination in the order dated June 1, 2012, in effect, searching the record and awarding summary judgment to the defendants on their first counterclaim; as so modified, the order dated September 26, 2012, is affirmed insofar as appealed from, without costs or disbursements.

The sixth and seventh causes of action allege, respectively, that the individual defendants aided and abetted, and personally and actively participated in, tortious conduct that is alleged in the first, second, third, fourth, and fifth causes of action. The Supreme Court properly awarded the defendants summary judgment dismissing the sixth and seventh causes of action, since the first through fifth causes of action either had been dismissed, failed to allege any tortious conduct, or had been limited by prior order to preclude any allegations of tortious conduct.

"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the

proposed amendment is palpably insufficient or patently devoid of merit" (*Lucido v Mancuso*, 49 AD3d 220, 227 [2008] [brackets omitted], quoting *G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d 95, 99 [2007], *affd* 10 NY3d 941 [2008]). Contrary to the defendants' contentions, the plaintiffs' proposed amendments to the eighth and ninth causes of action would not result in prejudice or surprise to the defendants. Therefore, the Supreme Court improvidently exercised its discretion in denying leave to amend the complaint as to those causes of action.

The Supreme Court should not have, in effect, searched the record and awarded summary judgment in favor of the defendants on their first counterclaim, as the parties' submissions failed to establish the defendants' entitlement to judgment as a matter of law (*see HSBC Bank USA v Hernandez*, 92 AD3d 843, 844 [2012]).

The plaintiffs' remaining contentions are without merit. Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.

Motion by the respondents on appeals from two orders of the Supreme Court, Westchester County, dated June 1, 2012, and September 26, 2012, respectively, inter alia, to dismiss the appeal from the order dated September 26, 2012, on the ground that no appeal lies from an order denying reargument, to strike the pages of the record containing the papers filed in connection with the motion that resulted in the order dated September 26, 2012, and to direct the appellants to serve and file a new brief which does not raise issues relating to the order dated September 26, 2012. By decision and order on motion of this Court dated June 13, 2013, the above-described branches of the motion were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branches of the motion which are to dismiss the appeal from the order dated September 26, 2012, to strike the pages of the record containing the papers filed in connection with the motion that resulted in the order dated September 26, 2012, and to direct the appellants to serve and file a new brief which does not raise issues relating to the order dated September 26, 2012, are denied. Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.