■ WALID RAACH et al., Appellants, v SLSJET MANAGEMENT CORP., Also Known as YELLOW CAB SLSJET MANAGEMENT CORP., Respondent. [20 NYS3d 613]—

In an action to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated November 25, 2014, as granted those branches of the defendant's motion which were, in effect, pursuant to CPLR 3211 (a) (1) and (7) to dismiss so much of the complaint as alleged breach of contract based upon the defendant's alleged improper retention of monies in excess of the applicable daily lease rate as set forth in the parties' lease agreements and based upon alleged violations of certain provisions of the parties' lease agreements governing the imposition of late fees.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were, in effect, pursuant to CPLR 3211 (a) (1) and (7) to dismiss so much of the complaint as alleged breach of contract based upon the defendant's alleged improper retention of monies in excess of the applicable daily lease rate as set forth in the parties' lease agreements and based upon alleged violations of certain provisions of the parties' lease agreements governing the imposition of late fees are denied.

The plaintiffs were taxicab drivers who leased cars and taxi medallions from the defendant. The plaintiffs commenced this action against the defendant to recover damages for breach of contract. In the complaint, the plaintiffs alleged that the defendant breached certain daily lease agreements by improperly retaining monies in excess of the applicable daily lease rate as set forth in the agreements and by failing to comply with certain provisions of the agreements governing the imposition of late fees.

The defendant moved pursuant to CPLR 3211 (a) to dismiss the complaint. The Supreme Court, inter alia, granted those branches of the defendant's motion which were, in effect, pursuant to CPLR 3211 (a) (1) and (7) to dismiss so much of the complaint as alleged breach of contract based upon the defendant's alleged improper retention of monies in excess of the applicable daily lease rate as set forth in the parties' lease agreements and based upon alleged violations of certain provisions of the lease agreements governing the imposition of late fees. The plaintiffs appeal from those portions of the order. We reverse the order insofar as appealed from.

In considering a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (7), "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokol v Leader*, 74 AD3d 1180, 1181 [2010] [internal quotation marks omitted]; *see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

Here, contrary to the Supreme Court's conclusion, the complaint does not seek to privately enforce the Rules of the City of New York Taxi and Limousine Commission (hereinafter TLC Rules). Rather, the complaint alleged that certain TLC Rules were expressly incorporated into the parties' daily lease agreements (*cf. Pervaiz v Queens Medallion Leasing, Inc.*, 107 AD3d 554, 554-555 [2013]; *Rashid v B. Taxi Mgt. Inc.*, 107 AD3d 555, 556 [2013]; *De La Rosa v All Taxi Mgt., Inc.*, 107 AD3d 553, 553 [2013]; *Desmangles v Woodside Mgt., Inc.*, 107 AD3d 551, 552 [2013]). The fact that the contractual provisions at issue may have been inserted in order to comply with TLC Rules does not extinguish the plaintiffs' right to enforce those contractual provisions by asserting a cause of action alleging breach of contract (*accord Cox v NAP Constr. Co., Inc.*, 10 NY3d 592, 602 [2008]; *Wright v Wright Stucco*, 50 NY2d 837 [1980]; *Fata v S.A. Healy Co.*, 289 NY 401, 406-407 [1943]; *Strong v American Fence Constr. Co.*, 245 NY 48, 53 [1927]; *Melissakis v*

*Proto Constr. & Dev. Corp.*, 294 AD2d 342, 342 [2002]). Accordingly, affording the complaint a liberal construction, accepting all facts as alleged in the complaint to be true, and according the plaintiffs the benefit of every possible favorable inference, the plaintiffs stated a cause of action to recover damages for breach of contract based upon the defendant's alleged improper retention of monies in excess of the applicable daily lease rate as set forth in the parties' lease agreements and based upon alleged violations of the provisions of the parties' lease agreements governing the imposition of late fees.

The Supreme Court also erred to the extent that it directed the dismissal of those portions of the complaint pursuant to CPLR 3211 (a) (1). Contrary to the defendant's contention, the arguments raised by the plaintiffs on appeal with respect to this issue are properly before this Court (*see generally Spiegel-Porco v Porco*, 127 AD3d 847, 848 [2015]).

A motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint based on documentary evidence may be appropriately granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Jahan v U.S. Bank N.A.*, 127 AD3d 926, 927 [2015]). In opposition to a motion pursuant to CPLR 3211 (a), a plaintiff may submit affidavits "to preserve inartfully pleaded, but potentially meritorious, claims" (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]; *see Town of Huntington v Long Is. Power Auth.*, 130 AD3d 1013, 1015 [2015]).

Here, the defendant failed to establish that the two daily lease agreements that it submitted in support of its motion governed the parties' relationships during the periods alleged in the complaint. Furthermore, the defendant's documentary submissions did not, without more, conclusively refute the plaintiffs' allegation that the parties' written agreements were orally modified by the parties (*accord Martini v Rogers*, 6 AD3d 404 [2004]; *Expocorp v Hyatt Mgt. Corp. of N.Y.*, 134 AD2d 234 [1987]; *Allied Chem. Corp. v Alpha Portland Indus.*, 58 AD2d 975, 977 [1977]). Accordingly, the documentary evidence relied on by the defendant did not utterly refute the plaintiffs' factual allegations and conclusively establish a defense as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *see generally All Is. Media, Inc. v Creative AD Worx, Inc.*, 79 AD3d 677, 678-679 [2010]; *Wild Oaks, LLC v Joseph A. Beehan, Jr. Gen. Contr., Inc.*, 77 AD3d 924, 926 [2010]; *Nwauwa v Mamos*, 53 AD3d 646, 649 [2008]).

In light of the foregoing, the Supreme Court should have denied those branches of the defendant's motion which were, in effect, pursuant to CPLR 3211 (a) (1) and (7) to dismiss so much of the complaint as alleged breach of contract based upon the defendant's alleged improper retention of monies in excess of the applicable daily lease rate as set forth in the parties' lease agreements and based upon alleged violations of certain provisions of the parties' lease agreements governing the imposition of late fees. Rivera, J.P., Dickerson, Miller and Maltese, JJ., concur.