JFK Family Ltd. Partnership v Millbrae Natural Gas Dev. Fund 2005, L.P. (2019 NY Slip Op 01065)





JFK Family Ltd. Partnership v Millbrae Natural Gas Dev. Fund 2005, L.P.


2019 NY Slip Op 01065


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-06792
 (Index No. 10591/07)

[*1]JFK Family Ltd. Partnership, et al., respondents,
v
Millbrae Natural Gas Development Fund 2005, L.P., et al., appellants.


Mintz & Gold, LLP, New York, NY (Steven Mintz, Howard Miller, Scott A. Klein, and Kevin M. Brown of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (John M. Flannery, Frank T. Laznovsky, and John B. Martin of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, breach of fiduciary duty, and breach of an implied covenant of good faith and fair dealing, the defendants appeal from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated May 8, 2017. The order, insofar as appealed from, granted the plaintiffs' motion pursuant to CPLR 3211(a)(7) to dismiss the defendants' second counterclaim asserted in the answer to the fifth amended complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiffs' motion pursuant to CPLR 3211(a)(7) to dismiss the defendants' second counterclaim asserted in the answer to the fifth amended complaint is denied.
The underlying dispute between the parties is summarized in our decisions and orders in the prior appeals, JFK Family L.P. v Millbrae Natural Gas Dev. Fund, 2005, L.P. (132 AD3d 731) and JFK Family L.P. v Millbrae Natural Gas Dev. Fund 2005, L.P. (132 AD3d 729). Insofar as is pertinent to this appeal, the defendants seek in their second counterclaim to recover the attorneys' fees and related legal expenses incurred by them in defending against this action, pursuant to the contractual indemnity provision found in section 6 of the Subscription Agreement, which is one of the documents comprising the partnership agreement involving the parties. The plaintiffs moved to dismiss that counterclaim pursuant to CPLR 3211(a)(7), and the defendants opposed the motion, citing, inter alia, the law of the case doctrine. The Supreme Court, after rejecting the defendants' law of the case defense, granted the motion. The defendants appeal, and we reverse insofar as appealed from.
On the prior appeal, this Court affirmed so much of an order of the Supreme Court as denied the plaintiffs' cross motion for summary judgment dismissing the defendants' second counterclaim asserted in the answer to the third amended complaint (see JFK Family L.P. v Millbrae Natural Gas Dev. Fund 2005, L.P., 132 AD3d 729), which was materially identical to the instant second counterclaim asserted in the defendants' answer to the fifth amended complaint. We agree [*2]with the defendants that, under these circumstances, the doctrine of the law of the case precludes reconsideration of the viability of the defendants' second counterclaim sounding in contractual indemnification (see Mass OP, LLC v Principal Life Ins. Co., 99 AD3d 870; J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d 809, 809; Quinn v Hillside Dev. Corp., 21 AD3d 406, 407; Matter of Oak St. Mgt., Inc., 20 AD3d 571; Johnson v Incorporated Vil. of Freeport, 288 AD2d 269).
Accordingly, the Supreme Court should have denied the plaintiffs' motion pursuant to CPLR 3211(a)(7) to dismiss the defendants' second counterclaim asserted in the answer to the fifth amended complaint.
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court