JFK Family Ltd. Partnership v Millbrae Natural Gas Dev. Fund 2005, L.P. (2019 NY Slip Op 01064)





JFK Family Ltd. Partnership v Millbrae Natural Gas Dev. Fund 2005, L.P.


2019 NY Slip Op 01064


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-11729
 (Index No. 10591/07)

[*1]JFK Family Ltd. Partnership, et al., respondents-appellants,
v
Millbrae Natural Gas Development Fund 2005, L.P., et al., appellants-respondents.


Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Frank T. Laznovsky and John B. Martin of counsel), for appellants-respondents.
Mintz & Gold, LLP, New York, NY (Steven G. Mintz and Howard Miller of counsel), for respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, breach of fiduciary duty, and breach of an implied covenant of good faith and fair dealing, the defendants appeal and the plaintiffs cross-appeal from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated August 13, 2016. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss as time-barred the eighth through twelfth causes of action in the fifth amended complaint insofar as asserted by the plaintiffs James Knott, Sr., James Knott, Jr., Carroll Knott, and Carroll Knott McGill. The order, insofar as cross-appealed from, in effect, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the eighth, ninth, and tenth causes of action in the fifth amended complaint insofar as asserted against the defendants Steward Reid, Robert E. King and Charles Boyce, and sua sponte directed dismissal of the ninth cause of action insofar as asserted against the remaining defendants.
ORDERED that on the Court's own motion, the notice of cross appeal from so much of the order as, sua sponte, directed dismissal of the ninth cause of action against the defendants other than Steward Reid, Robert E. King and Charles Boyce is deemed an application for leave to cross-appeal from that portion of the order, and leave to cross-appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof which, in effect, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the eighth and tenth causes of action in the fifth amended complaint insofar as asserted against the defendants Steward Reid, Robert E. King and Charles Boyce, and substituting therefor a provision denying that branch of the motion; as modified, the order is affirmed insofar as appealed from and cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The underlying dispute between the parties is summarized in our decisions and orders in the prior appeals, JFK Family L.P. v Millbrae Natural Gas Dev. Fund, 2005, L.P. (132 AD3d 731) and JFK Family L.P. v Millbrae Natural Gas Dev. Fund 2005, L.P. (132 AD3d 729). The plaintiffs are investors in the defendant Millbrae Natural Gas Development Fund 2005, L.P. (hereinafter the partnership). After the partnership did not comply with the plaintiffs' request for information and documents concerning the partnership, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract, breach of fiduciary duty, and breach of an implied covenant of good faith and fair dealing. By letter dated February 14, 2008, the defendants required the plaintiffs to withdraw from the partnership because they had commenced an action against the partnership.
The plaintiffs alleged that they were not paid the proper value of their capital accounts in exchange for their partnership interests, and sought discovery on valuation, which was granted in an order dated October 19, 2012. That order was vacated by order dated September 10, 2013, on the ground that the plaintiffs' valuation claims had to be asserted in a separate action. The plaintiffs thereafter commenced a separate action asserting valuation claims, which is the subject of a companion appeal (see JFK Family L.P. v Millbrae Natural Gas Dev. Fund 2005, L.P., ___ AD3d ___, Appellate Division Docket No. 2014-11826; decided herewith).
In JFK Family L.P. v Millbrae Natural Gas Dev. Fund 2005, L.P. (132 AD3d 731), this Court determined that discovery with respect to the valuation of the property tendered to the plaintiffs in exchange for their partnership interests was material and necessary to the plaintiffs' claim that their partnership interests were improperly terminated. Thus, this Court determined that the complaint in this action asserted the valuation claims which are in issue on this appeal.
The defendants moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss as time-barred the eighth through twelfth causes of action (except insofar as asserted by the plaintiff Allison Knott), and pursuant to CPLR 3211(a)(1) and (7) to dismiss the eighth, ninth, and tenth causes of action insofar as asserted against the defendants Steward Reid, Robert E. King and Charles Boyce (hereinafter collectively the individual defendants). The defendants alleged that the eighth, ninth, and tenth causes of action, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty, respectively, must be dismissed against the individual defendants on the ground that they were not parties to the subject partnership agreement. The Supreme Court denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss as time-barred the eighth through twelfth causes of action, but granted those branches of the defendants' motion which were to dismiss the eighth and tenth causes of action insofar as asserted against the individual defendants on the ground that they were not parties to the subject partnership agreement. The Supreme Court also sua sponte directed dismissal of the ninth cause of action insofar as asserted against all defendants as duplicative of the eighth cause of action. The defendants appeal and the plaintiffs cross-appeal.
"On a motion pursuant to CPLR 3211(a)(5) to dismiss a complaint as barred by the applicable statute of limitations, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Kitty Jie Yuan v 2368 W. 12th St., LLC, 119 AD3d 674; see Beroza v Sallah Law Firm, P.C., 126 AD3d 742). Here, the defendants failed to meet that burden, since the valuation causes of action were part of this action since prior to the expiration of the applicable limitations periods (see JFK Family L.P. v Millbrae Natural Gas Dev. Fund 2005, L.P., 132 AD3d 731). In any event, the valuation causes of action asserted in the fifth amended complaint would be timely pursuant to the relation-back doctrine (see CPLR 203[f]; Cady v Springbrook NY, Inc., 145 AD3d 846, 846-847; Pendleton v City of New York, 44 AD3d 733, 736; 39 Coll. Point Corp. v Transpac Capital Corp., 27 AD3d 454, 455). Accordingly, we agree with the Supreme Court's denial of that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the eighth through twelfth causes of action (except as to the plaintiff Allison Knott) as time-barred.
The Supreme Court directed dismissal of the ninth cause of action, alleging breach of an implied covenant of good faith and fair dealing, insofar as asserted against all defendants as [*2]duplicative of the eighth cause of action alleging breach of contract. Although dismissal was not formally requested on that ground, "a court may grant relief that is warranted by the facts plainly appearing on the papers on both sides, [where, as here] the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party" (Frankel v Stavsky, 40 AD3d 918, 918-919).
Under Delaware law, the implied covenant of good faith and fair dealing inherent in every contract requires a party in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits of the bargain (see Kuroda v SPJS Holdings, L.L.C., 971 A2d 872, 888 [Del Ch]). A plaintiff must allege, inter alia, "a specific implied contractual obligation, a breach of that obligation by the defendant, and resulting damage to the plaintiff" (id. [internal quotation marks omitted]). However, a breach of the implied covenant claim cannot be based on conduct that the contract expressly addresses (see Central Mtge. Co. v Morgan Stanley Mtge. Capital Holdings LLC, 27 A3d 531 [Del Sup Ct]). Here, the issue of whether the defendants acted in bad faith in allegedly overvaluing the gas and oil well properties tendered in settlement to the plaintiffs for their relinquishment of their capital accounts in the partnership is governed by the express terms of the partnership agreement. As such, the ninth cause of action, alleging a breach of the implied covenant of good faith and fair dealing, was duplicative of the breach of contract allegations asserted in the eighth cause of action, and dismissal on that basis was proper.
We disagree with the Supreme Court's determination directing dismissal of the eighth and tenth causes of action, alleging breach of contract and breach of fiduciary duty, respectively, insofar as asserted against the individual defendants, on the ground that they were not named parties to the partnership agreement. Under applicable Delaware law, the individual defendants, who were allegedly either officers, principals, and/or managers of the defendant Millbrae Natural Gas 2005 LLC, may be held liable for breach of contract and breach of fiduciary duty, even though they were not signatories to the subject partnership agreement (see Dow Kim v Dukhon, 89 AD3d 470; Gotham Partners, L.P. v Hallwood Realty Partners, L.P., 817 A2d 160 [Del Sup Ct]; 6 Del Code § 18-101[7]). The complaint alleged that the individual defendants participated in the wrongful conduct in breach of their fiduciary duties to the partners (see Schroeder v Pinterest, Inc., 133 AD3d 12). Thus, the documentary evidence did not conclusively establish a defense as a matter of law as to the eighth cause of action, alleging breach of contract, and the tenth cause of action, alleging breach of fiduciary duty, insofar as asserted against the individual defendants (see CPLR 3211[a][1]). Further, accepting the facts alleged in the complaint as true, and according the plaintiffs the benefit of every favorable inference (see CPLR 3211[a][7]; Leon v Martinez, 84 NY2d 83, 88; Raach v SLSJET Mgt. Corp., 134 AD3d 792, 793), the fifth amended complaint sufficiently pleaded causes of action alleging breach of contract and breach of fiduciary duty in the eighth and tenth causes of action, respectively, as against the individual defendants.
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the eighth and tenth causes of action in the fifth amended complaint insofar as asserted against the individual defendants.
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court