JFK Family Ltd. Partnership v Millbrae Natural Gas Dev. Fund 2005, L.P. (2019 NY Slip Op 01063)





JFK Family Ltd. Partnership v Millbrae Natural Gas Dev. Fund 2005, L.P.


2019 NY Slip Op 01063


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2014-11826
 (Index No. 70036/13)

[*1]JFK Family Ltd. Partnership, et al., appellants,
v
Millbrae Natural Gas Development Fund 2005, L.P., et al., respondents.


Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Frank T. Laznovsky and Robert A. Spolzino of counsel), for appellants.
 Mintz & Gold LLP, New York, NY (Howard Miller and Steven Mintz of counsel), and Gibson, Dunn & Crutcher, New York, NY, for respondents (one brief filed).



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated November 20, 2014. The order, insofar as appealed from, granted the branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss as time-barred the first through fifth causes of action insofar as asserted by the plaintiffs James Knott, Sr., James Knott, Jr., Carroll Knott, and Carroll Knott McGill.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The underlying dispute between the parties is summarized in our decision and order in prior appeals, JFK Family L.P. v Millbrae Natural Gas Dev. Fund 2005, L.P. (132 AD3d 731) and JFK Family L.P. v Millbrae Natural Gas Dev. Fund 2005, L.P. (132 AD3d 729), decided in a related action in the Supreme Court, Westchester County, under Index No. 10591/07 (hereinafter Action No. 1). In this action (hereinafter Action No. 2), the defendants moved, inter alia, to dismiss as time-barred the first through fifth causes of action (hereinafter collectively the valuation causes of actions), which alleged that the plaintiffs were not adequately compensated for their partnership interests, insofar as those causes of action were asserted by the plaintiffs James Knott, Sr., James Knott, Jr., Carroll Knott, and Carroll Knott McGill (hereinafter collectively the opposing plaintiffs). The opposing plaintiffs contended that the valuation causes of action were timely pursuant to CPLR 205(a), because Action No. 2 was commenced within six months after the issuance of an order dated September 10, 2013, in Action No. 1, which they claimed, in effect, dismissed similar valuation causes of action that were asserted in Action No. 1, in light of the Supreme Court's determination in Action No. 1 that the complaint in that action did not contain allegations relating to valuation. On appeal in Action No. 1, this Court ruled that the complaint in Action No. 1 did sufficiently allege that the plaintiffs were not adequately compensated for their partnership interests, and therefore discovery on valuation was material and necessary (see JFK Family L.P. v Millbrae Natural Gas Dev. Fund 2005, L.P., 132 AD3d 731, 733).
Contrary to the opposing plaintiffs' contention, similar valuation causes of action in [*2]Action No. 1 were not, in effect, dismissed in the order dated September 10, 2013. Therefore, CPLR 205(a) was not applicable to the valuation causes of action in Action No. 2. Moreover, dismissal of the first through fifth causes of action was warranted in Action No. 2 pursuant to CPLR 3211(a)(4), because the same causes of action arising out of the same subject matter or series of alleged wrongs are asserted by the same plaintiffs against the same defendants in Action No. 1 (see PK Rest., LLC v Lifshutz, 138 AD3d 434).
Accordingly, we agree with the Supreme Court's determination directing dismissal of the first through fifth causes of action in Action No. 2 insofar as asserted by the opposing plaintiffs.
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court