JFK Family Ltd. Partnership v Millbrae Natural Gas Dev. Fund 2005, L.P. (2025 NY Slip Op 06050)

JFK Family Ltd. Partnership v Millbrae Natural Gas Dev. Fund 2005, L.P.

2025 NY Slip Op 06050

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-10197
 (Index No. 10591/07)

[*1]JFK Family Ltd. Partnership, et al., appellants,
v
Millbrae Natural Gas Development Fund 2005, L.P., et al., respondents.

Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (John M. Flannery, Frank T. Laznovsky, and Eliza Scheibel of counsel), for appellants.
Mintz & Gold LLP, New York, NY (Steven G. Mintz and Scott A. Klein of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated September 16, 2024. The judgment, insofar as appealed from, upon a decision of the same court dated March 10, 2023, made after a nonjury trial, (1) is in favor of the plaintiffs and against the defendants on the first cause of action in the principal sum of only $100, (2) is in favor of the defendants and against the plaintiffs dismissing the eighth, tenth, eleventh, and twelfth causes of action, and (3) directed an accounting of the monies owed by the defendants with respect to certain properties.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The underlying dispute between the parties is summarized in our decisions and orders in prior appeals (see JFK Family L.P. v Millbrae Natural Gas Dev. Fund 2005, L.P., 169 AD3d 776; JFK Family L.P. v Millbrae Natural Gas Dev. Fund 2005, L.P., 132 AD3d 731; JFK Family L.P. v Millbrae Natural Gas Dev. Fund 2005, L.P., 132 AD3d 729; JFK Family Ltd. Partnership v Millbrae Natural Gas Dev. Fund 2005, L.P., 89 AD3d 684). Insofar as is pertinent to this appeal, a nonjury trial was held, inter alia, on the issue of damages on the first cause of action, alleging breach of contract, and on the issues of liability and damages on the eighth cause of action, alleging breach of contract, the tenth cause of action, alleging breach of fiduciary duty, the eleventh cause of action, alleging aiding and abetting breach of fiduciary duty, and the twelfth cause of action, alleging personal and active participation in tortious conduct, of the fifth amended complaint. In a decision dated March 10, 2023, made after the trial, the Supreme Court, among other things, determined that the plaintiffs failed to meet their burden of proving damages on the first cause of action or entitlement to judgment in their favor on the eighth, tenth, eleventh, and twelfth causes of action. A judgment dated September 16, 2024, upon the decision, was issued, inter alia, (1) in favor of the plaintiffs and against the defendants, awarding the plaintiffs only nominal damages in the principal sum of $100, (2) in favor of the defendants and against the plaintiffs, dismissing the eighth, tenth, eleventh, and twelfth causes of action, and (3) directing an accounting of the monies owed by the defendants with respect to certain properties. The plaintiffs appeal. We affirm.
"In reviewing a determination made after a nonjury trial, the power of this Court is [*2]as broad as that of the trial court, and we may render the judgment we find warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (Richmond El. Co., Inc. v Oakfield Group, LLC, 236 AD3d 947, 948 [internal quotation marks omitted]; see Christiana Trust v Rashid, 228 AD3d 822, 823-824). "Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Richmond El. Co., Inc. v Oakfield Group, LLC, 236 AD3d at 948 [internal quotation marks omitted]; see Laundry Mgt.—N. 3rd St., Inc. v BFN Realty Assoc., LLC, 179 AD3d 776, 777-778).
Here, in light of the evidence presented at trial and giving the Supreme Court's credibility determinations due deference, we conclude that the court's award of nominal damages in the principal sum of $100 to the plaintiffs on the first cause of action, dismissal of the eighth, tenth, eleventh, and twelfth causes of action, and directing of the parties to submit to an accounting of the monies owed by the defendants with respect to certain properties were warranted by the facts. Accordingly, no basis exists to disturb the court's determinations with respect to liability and damages as to those causes of action.
DUFFY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court